## CHICAGO, R. I. & P. RY. CO. v. BRUCE.

No. 3445. Opinion Filed June 8, 1915.

Rehearing Denied August 3, 1915.

(150 Pac. 880.)

1. **COMMERCE—Interstate Shipment Contract—Statutes—Constitutional Provisions.** On account of the passage of the Act of Congress of June 29, 1906, c. 3591, 34 Stat. 584, the state, under its police power, has ceased to have the authority to pass acts relative to contracts made by carriers pertaining to interstate shipments, and sec. 9 of art. 23 (sec. 358, Williams' Ann. Const.) of the Constitution of this state applies only to intrastate shipments (following **Adams Express Co. v. Croninger,** 226 U. S. 401, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. [N. S.] 257).

2. **SAME—Provision for Notice of Claim for Damage—Validity.** Under the federal law, which is controlling upon the court in determining questions of liability properly arising out of interstate shipments, a provision in a live stock contract or bill of lading to the effect that, as a condition precedent to a recovery for any damages for delay, loss, or injury to live stock covered by the contract, the shipper will give notice in writing of the claim therefor to some general officer or the nearest station agent, or to the agent at the destination, or some general officer of the delivering line, before said stock is removed from the point of shipment or the place of destination, and before such stock is mingled with other stock, such notice to be served within one day after the delivery of such stock at destination, is valid. **St. Louis & S. F. R. Co. v. Ladd,** 33 Okla. 160, 124 Pac. 461.

3.    **SAME—Contract Limitation as to Notice and Time for Suit—Instruction.** The court instructed the jury that a shipper of live stock, under an interstate contract of shipment, was not "bound by any stipulation, provision, or agreement therein which required him to give written notice of damages he intended to claim * * * within one day from and after the delivery of the animals," etc., and that a provision therein limiting the plaintiff to a period of six months after any cause of action accrued thereunder within which to bring suit was not binding, because in violation of the State Constitution. **Held**, reversible error.

(Syllabus by Brewer, C.)

*Error from County Court, Kingfisher County;*
*John M. Graham, Judge.*

Action by M. B. Bruce against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

*C. O. Blake, R. J. Roberts, W. H. Moore,* and *F. L. Boynton,* for plaintiff in error.

*Bradley & Bradley,* for defendant in error.

Opinion by BREWER, C. This is a suit brought by defendant in error, Bruce, as plaintiff in the trial court, to recover damages from the railway company alleged to have been occasioned through the negligent handling of certain cars of live stock and negligent delays while en route. The shipment involved herein was an interstate shipment, and moved from a point in Oklahoma to Fort Worth, Texas. At a trial to a jury a verdict was rendered against the railway company for the sum sued for, and judgment entered thereon accordingly.

The court instructed the jury as follows:

"You are instructed that though the plaintiff may have signed the shipping contract introduced in evidence before him, the plaintiff was not at the time he signed

the same, and is not now, bound by any stipulation, provision, or requirement therein which required him to give written notice of damage he intended to claim from said company, to said company, within one day from and after the delivery of the animals carried by the defendant company, for the reason that such provision or requirement is contrary to an express provision of the Constitution of this state.

"Requested by plaintiff.   Given.   Excepted to by defendant.                    JOHN M. GRAHAM, *Judge."*

"Also that the plaintiff is not bound by provision or stipulation in said shipping contracts which attempted to limit the plaintiff to a period of six months from and after which this cause of action may have occurred in which to bring suit against the defendant company for damages, for the reason that such provision is contrary to and in violation of the Constitution of the State of Oklahoma.

"Requested by plaintiff.   Given.   Excepted to by defendant.                    JOHN M. GRAHAM, *Judge."*

The giving of these instructions, which was excepted to at the time, is argued here as reversible error. The contention is sound. The court erred in giving the instructions, under a mistaken view that the provisions of our Constitution and statutes were controlling in an interstate shipment, such as is involved here. Section 9, art. 23, of the Constitution is evidently the provision the court had in mind when giving these instructions. In *St. L. & S. F. R. Co. v. Bilby,* 35 Okla. 589, 130 Pac. 1089, it is held:

"On account of the passage of Act Cong. June 29, 1906, c. 3591, 34 St. at L. 584 (U. S. Comp. St. Supp. 1911, p. 1284), the state, under its police power, has ceased to have the authority to pass acts relative to contracts made by carriers pertaining to interstate shipments, and section 9 of article 23 (section 358, Williams'

Ann. Const. Okla.) of the Constitution of this state applies only to intrastate shipments (following *Adams Express Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148. 57 L. Ed. 314, 44 L. R. A. [N. S.] 257, decided by the Supreme Court of the United States on January 6, 1913)."

The above holding was reaffirmed by this court in *St. L. & S. F. R. Co. v. Zickafoose,* 39 Okla. 302, 135 Pac. 406, also holding as follows:

"Under the federal law, which is controlling upon the court in determining questions of liability properly arising out of interstate shipments, a provision in a live stock contract or bill of lading to the effect that, as a condition precedent to a recovery for any damages for delay, loss, or injury to live stock covered by the contract, the shipper will give notice in writing of the claim therefor to some general officer, or the nearest station agent, or to the agent at destination, or some general officer of the delivering line, before said stock is removed from the point of shipment or the place of destination, and before such stock is mingled with other stock, such notice to be served within one day after the delivery of such stock at destination, was valid. *St. Louis & S. F. R. Co. v. Ladd,* 33 Okla. 160, 124 Pac. 461."

The cases above cited collect and review, not only the decisions of this court, but also a great number of the decisions of the Supreme Court of the United States, and it would serve no good purpose to set them out again in this opinion. It may, and perhaps should be, said, however, that at the time the instant case was tried few, if any, of these later decisions had been rendered; and it was a very natural thing for the court to have fallen into the error pointed out, and for that reason we will not go into and discuss the numerous questions presented in the brief.

We have no doubt but that at another trial of this case the court will be entirely familiar with the decisions cited in the Bilby and Zickafoose cases, *supra.*

For the error in giving the above instructions, the cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.