## KANSAS CITY, M. & O. RY. CO. OF TEXAS v. GLEASON et al.

No. 6565—Opinion Filed June 6, 1916.

(158 Pac. 365.)

### Carriers—Interstate Shipment of Live Stock —Damages—Failure to Give Notice.

Where an action is brought to recover damages upon an interstate shipment of live stock, under a written contract, containing the provision that as a condition precedent to recovery of damages for any loss or injury to, or detention of live stock, or delay in transportation thereof, a written notice must be given of such damage to a designated representative of the carrier, within one day after the delivery of the stock at its destination, such provision being reasonable and valid, the failure to give such notice is a complete bar to such action. Following C., R. I. & P. Ry. Co. v. Craig, 59 Okla. —. 157 Pac. 87.

(Syllabus by Day, C.)

Error from County Court, Jackson County; J. M. Williams, Judge.

Action by A. Gleason against the Kansas City, Mexico & Orient Railway Company of Texas and another. Judgment for plaintiff, and the defendant named brings error. Reversed and remanded, with directions to dismiss.

John A. Eaton, H. S. Garrett, Everett Petry, and F. W. Fischer, for plaintiff in error.

S. B. Garrett, for defendant in error.

Opinion by DAY, C. This is an action brought by A. Gleason against the Kansas City, Mexico & Orient Railway Company of Texas, to recover damages for the negligent handling of certain cars of live stock and the negligent delays in transit. This is an interstate shipment moving from a point in Oklahoma to Kansas City, Mo.

Defendants below pleaded and introduced in evidence the shipping contract executed by plaintiff, the fifth paragraph of which is as follows:

"Fifth. That, as a condition precedent to any damages, or any loss or injury to live stock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or to the nearest station agent of the first party, or to the agent at destination or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of the stock at destination, to the end that such claim may be fully and fairly investigated; and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims."

Plaintiff in his testimony admits that he did not comply with the above provision by giving the notice therein provided for. When plaintiff rested his case defendants interposed a demurrer to plaintiff's evidence, upon the ground of his having failed to comply with the above and foregoing provision as to notice, which demurrer was by the court overruled and exceptions thereto were duly saved by defendants. The cause was proceeded with and resulted in a verdict against the plaintiff in error, and judgment was duly entered thereon, from which this appeal is prosecuted.

There are several errors assigned and argued by plaintiff in error. However, we deem it necessary to consider only one.

This court has decided in a number of cases that a provision in an interstate shipment contract, providing for notice as a condition precedent to the bringing of suit, is valid, and this is no longer an open question in this state. St. L. & S. F. R. Co. v. Zickafoose, 39 Okla. 302, 135 Pac. 406; C., R. I. & P. R. Co. v. Bruce, 50 Okla. 667, 150 Pac. 880; C., R. I. & P. R. Co. v. Craig, 59 Okla. —, 157 Pac. 87. See, also, numerous authorities cited in the above cases. It follows, therefore, that the trial court should have sustained the demurrer of plaintiff in error to the evidence, and prejudicial error was committed in its failure to do so.

This cause should be reversed and remanded, with instructions to the trial court to dismiss the cause with prejudice.

By the Court: It is so ordered.