John R. McDONALD, Plaintiff-Appellant,

v.

AMTEL, INC., a foreign corporation, Defendant-Appellee.

No. 56805.

Supreme Court of Oklahoma.

July 30, 1981.

Don Manners and Jim Merz, Oklahoma City, for plaintiff-appellant.

Burck Bailey, Margaret McMorrow-Love, Fellers, Snider, Blankenship, Bailey & Tippen, Oklahoma City, for defendant-appellee.

BARNES, Vice Chief Justice:

In accordance with the provisions of 20 O.S. Supp. 1980, §§ 1601, et seq., the United States Court of Appeals for the Tenth Circuit has certified to this Court a question of Oklahoma law which that Court believes may be determinative of an appeal now pending before that tribunal, and as to which it appears there is no controlling precedent in the decisions of this Court.

The statement of facts certified to us are as follows: John R. McDonald (McDonald), owner of a retail service station, contracted with Amtel, Inc. (Amtel), to supply gasoline, oil, and accessories to his service station. McDonald alleged that in 1974, Amtel began charging him more per gallon for gasoline than it was charging its other retail service station dealers. McDonald alleged that as a result of these acts, he changed suppliers. In 1978, McDonald instituted an anti-trust suit against Amtel, alleging price discrimination, and seeking treble damages provided for under the provisions of 79 O.S., §§ 81, et seq.

This suit was commenced within the applicable four-year statute of limitations provided in the Oklahoma anti-trust statutes at 79 O.S., § 25.

As the anti-trust proceeding progressed, Amtel moved for summary judgment on the grounds that the action was barred by the terms of the contract between the parties, which provided in part:

"11. LIMITATION OF ACTIONS: Company and Dealer do hereby mutually agree that no civil or equitable action under the provisions of any Federal or State anti-trust laws by either party against the other shall be brought unless instituted within two (2) years of the date of the transaction upon which the action is based."

Relying on the provisions of 15 O.S., § 216, McDonald argues that the contract provision quoted above is void and unenforceable. The provisions of 15 O.S., § 216, provide:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his right under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

Amtel contends that 15 O.S., § 216, is inapplicable in the case at hand because the action brought by McDonald was not an action "under the contract", but rather was an anti-trust action brought under the provisions of the State anti-trust laws. McDonald, on the other hand, argues that had there been no contractual relationship, he would have no claim of violation of the anti-trust statute, and that the contractual relationship created the occasion for the anti-trust violation to occur, and that the alleged price discrimination was a tortuous violation of the parties' contractual obligations. McDonald thus concludes that because his right to maintain an anti-trust action arose from the contractual relationship and duties imposed by State law, the contract limitation is void, and thus he can maintain his anti-trust action.

The District Court for the Western District of Oklahoma granted summary judgment in favor of Amtel, for the reason that McDonald's action was brought under 79 O.S., § 81, and not under the contract, and

that is O.S. 1971, § 216, was therefore inapplicable, and thus the claim was barred by the two-year limitation set by contract.

## QUESTION OF LAW PRESENTED

Is a contract provision in which the parties mutually agree that no civil or equitable action under the provisions of any Federal or State anti-trust laws by either party against the other shall be brought unless instituted within two years of the date of the transaction upon which the action is based, rendered void and unenforceable by the provisions of 15 O.S. 1971, § 216, which in part provides that, "Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his right under the contract ... which limits the time within which he may thus enforce his rights, is void."?

## ANSWER

In the contract before us, the parties mutually agreed that no civil or equitable action under the provisions of any Federal or State anti-trust laws by either party against the other could be brought unless instituted within two years of the date of the transaction upon which the anti-trust was based. The specific question is whether the provisions of 15 O.S., § 216, render such a contractual provision void and unenforceable.

Title 15 O.S., § 216, specifically provides that:

"Every stipulation or condition in a contract, by which any party thereto is *restricted from enforcing his right under the contract* by the usual legal proceedings in the ordinary tribunals, *or which limits the time within which he may thus enforce his rights, is void.*" [Emphasis added]

In the case at hand, McDonald did not sue to enforce his rights under the contract, but rather brings an anti-trust action under this State's anti-trust statutes. Even Appellant McDonald acknowledges that a cause of action under a State anti-trust statute is tortious in nature, rather than a contractual action. Thus, the action brought in the Federal District Court was a tort action and not an action upon the contract. The restrictions of 15 O.S. 1971, § 216, do not prohibit parties from consensually limiting the time in which they may bring tort actions against the party with whom they contract. Rather, the provisions prohibit the parties from limiting the time within which they can bring actions to enforce their rights under the contract. This being the case, we hold that the contract provision before us, which limited the time in which tortious actions could be brought, was not rendered void by the provisions of 15 O.S., § 216. In so holding, we would note that although a contractual relationship may furnish the occasion for a tort, giving rise to an action ex delicto, the mere fact that the contractual relationship furnished such an occasion does not make actions brought in tort, actions to enforce rights under the contract. Rather, such tort actions are brought to enforce duties owed and existing outside the contract.

For the above stated reasons, we hold that the contract provisions in the contract before us, which limited the time in which either party could bring an anti-trust action against the other, was not rendered void under the provisions of 15 O.S., § 216.

The above holding, however, is not dispositive of the issue for the reason that the parties have apparently overlooked Article 23, Section 9, of the Oklahoma Constitution, which provides:

"Any provision of any contract or agreement, express or implied, stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability, shall be null and void."

In *Gray v. Reliable Insurance Co.*, 26 Okl. 592, 110 P. 728, 730 (1911), Mr. Justice Robert Williams, speaking for the Court, after quoting the provision of said section of the Constitution, said:

"The obvious intention of this provision was to prevent the abridging of the time within which rights under the law may be enforced, and also to prevent any notice

being required after a breach of a duty imposed by law as a condition precedent to maintaining an action therefor."

See also *Keys & Keys v. Williamsburg City Fire Insurance Co.*, 37 Okl. 482, 132 P. 818 (1913); *Fidelity & Deposit Co. v. U. S. Fidelity & Guaranty Co.*, 179 Okl. 174, 64 P.2d 672 (1935); *Chicago, R. I. & P. Ry. Co. v. Bruce*, 50 Okl. 667, 150 P. 880 (1915).

We therefore hold that although 15 O.S., § 216, does not apply under the facts of this case to nullify the contractual limitation of time for bringing an anti-trust action, Section 9, Article 23, of the Oklahoma Constitution does apply, and said contractual limitation is null and void under said constitutional provision.

CERTIFIED QUESTION ANSWERED.

WILLIAMS, HODGES, LAVENDER, DOOLIN, HARGRAVE and OPALA, JJ., concur.