THE ULSTER COUNTY SAVINGS INSTITUTION, Appellant, *v*. VIRGINIA E. OSTRANDER, as Executrix of JAMES E. OSTRANDER, Deceased, et al., Respondents.

BOND OF TREASURER OF CORPORATION — DEFAULT AFTER EXPIRATION OF FIRST TERM.  A bond of the treasurer of a corporation who is elected for one year, which provides for his honesty and faithfulness " during his continuance in office," without any provision showing that it is intended as a continuing security, other than the words quoted, is limited to the term for which he is elected, and does not cover defaults made after the expiration of that term and his re-election.

*Ulster Co. Sav. Inst.* v. *Ostrander*, 15 App. Div. 173, affirmed.

(Argued May 8, 1900; decided June 12, 1900.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department entered March 13, 1897, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Circuit.

This action was to recover twenty-five thousand dollars, the penalty of an official bond given by James E. Ostrander to the plaintiff for the faithful performance of his duties as its treasurer, and upon which the other defendants are sureties. Since the commencement of the action Ostrander died and the

defendant Virginia E. Ostrander, as executrix, has been substituted in his place.

The plaintiff was incorporated under a special charter by which the business of the corporation was to be managed by a board of trustees which was to elect a president, a vice-president and such other officers as it saw fit. The board was given power to make such by-laws, rules and regulations as it should judge proper for the election of officers, prescribing their functions and the mode of discharging them, and to appoint such subordinate officers and agents as it deemed necessary. (Ch. 152, L. 1851.) By-laws were adopted which, among other things, provided that the election of officers should take place annually at the regular meeting in July; that the trustees should elect one of their number as secretary, should elect a treasurer and such assistants as they might deem necessary to be employed in the institution, who were to hold their positions at the pleasure of the board. The by-laws also required the treasurer to give a bond in the sum of $25,000.

In April, 1867, the former treasurer resigned, and Ostrander was elected to fill the vacancy until the annual meeting. At the annual meeting held July 16, 1867, Ostrander was elected treasurer for the ensuing year. He then gave the bond in suit conditioned that if he, at the expiration of his office or upon request, should make or give unto the institution, their agent or attorney, a just and true account of such sums of money, goods and chattels and other things as came into his hands, charge or possession as treasurer, and should do and pay and deliver over to his successor in office or any other person duly authorized to receive the same, all such balances or sums of money, goods and chattels and other things which should appear to be in his hands and due by him to the institution, and if he should well and truly, honestly and faithfully in all things serve the said institution in the capacity of treasurer as aforesaid during his continuance in office, then the obligation to be void, otherwise to remain in full force and virtue. That the condition of this bond was broken by various defaults or embezzlements of Ostrander after September, 1871, and before

September, 1891, was established upon the trial and is not denied, but no default or embezzlement was shown to have occurred before September, 1871.

*J. Newton Fiero* and *Severyn B. Sharpe* for appellant. The appointment of Ostrander on April 16, 1867, is the one under which he held the office until he was discharged for his misconduct in 1891. (*Amherst Bank* v. *Root*, 2 Metc. 522; *Dedham Bank* v. *Chickering*, 3 Pick. 335; *Mayor* v. *Oswald*, 1 El. & Bl. 306.) The facts and circumstances surrounding the transaction sustain plaintiff's view that the intention of the sureties in executing the bond was to become bound during the entire period for which Ostrander was appointed and during which he acted as treasurer. (*Blossom* v. *Griffin*, 13 N. Y. 569; *Matter of N. Y. C. R. R. Co.*, 49 N. Y. 414; *Griffith* v. *Hardenbergh*, 41 N. Y. 464; *Zimmer* v. *Settle*, 124 N. Y. 37; *U. C. S. Inst.* v. *Young*, 161 N. Y. 32; *Elam* v. *Commercial Bank*, 86 Va. 2.) The terms of the obligation upon which suit is brought are such as to hold the sureties for the honest and faithful performance of his duties by Ostrander during his continuance in office. (*U. C. S. Inst.* v. *Young*, 161 N. Y. 23; *Douglass* v. *M. Ins. Co.*, 118 N. Y. 487; *Hunter* v. *S. M. Ins. Co.*, 26 La. Ann. 13.)

*Charles F. Cantine* and *Howard Chipp* for respondents. The appointment of Ostrander as treasurer, which is referred to in the recital of the bond in suit, is the appointment or employment of July 16, 1867, for the ensuing year, evidenced by the minutes of the meeting of plaintiff's trustees. (*Russell* v. *Allerton*, 108 N. Y. 288.) In bonds like the one in question, the recital being silent on the point, the duration of the bond is limited to that of the term of office as specified by statute, by-law, or the resolution or contract of employment as the case may be, and that irrespective of general words of continuance in the condition of the bond. (De Colyar on Sureties, 254; Brandt on Suretyship, § 139; Angell & Ames on Corp. § 322; *Lord Arlington* v. *Merrick*, 2 Saund.

411 ; *L. W. W. Co.* v. *Atkinson*, 6 East, 507 ; *Chelmsford Co.* v. *Demarest*, 7 Gray, 1 ; *Welch* v. *Seymour*, 28 Conn. 387 ; *City Council* v. *Hughes*, 65 Ala. 201 ; *Dorr* v. *Twombly*, 42 N. H. 59 ; *Overacre* v. *Garrett*, 5 Lans. 156 ; *County* v. *Brigham*, 10 Iowa, 40 ; *Fon du Lac* v. *Moore*, 58 Wis. 170 ; *Carey* v. *Ring*, 29 Minn. 398 ; *Wilmington* v. *Horn*, 21 Harr. (Del.) 190.) The general words in the condition of the bond are limited by the recital, and that in its turn by the contract between the plaintiff and the obligee. (*Lord Arlington* v. *Merrick*, 2 Saund. 411 ; *Liverpool* v. *Atkinson*, 6 East, 507 ; *Kitson* v. *Julian*, 4 El. & Bl. 854 ; *K. M. Ins. Co.* v. *Clark*, 33 Barb. 197 ; *Ins. Co.* v. *Smith*, 2 Hill [S. C.], 590 ; Brandt on Suretyship, § 139.) The arguments whereby the appellant seeks to extend the obligation of the bond beyond its apparent scope by resort to surrounding circumstances are wholly untenable. (*Mott* v. *Petrie*, 15 Wend. 317 ; *McCoon* v. *Biggs*, 2 Hill, 121 ; *Thrall* v. *Lathrop*, 30 Vt. 307.)

MARTIN, J. We are of the opinion that the judgment from which this appeal was taken should be affirmed. The only question which need be considered is, whether the bond in suit covered defaults of the treasurer which occurred some years after the expiration of the term for which he was elected, or, in other words, whether it covered any default that occurred after the expiration of the year following his election.

The contention of the appellant is that the words, "during his continuance in office," should be construed as including all the time that Ostrander acted as such treasurer, even after the expiration of the year for which he was elected. Upon the other hand, it is claimed by the respondents that the words "continuance in office" should be construed as limited to a continuance in office under the election of July 16, 1867. We are of the opinion that the contention of the respondents must prevail. The election under which the bond was given was for the ensuing year, and the claim that the words "during his continuance in office" extended the security of the bond beyond that period cannot be sustained. Nor do we

discover any principle upon which it can be held that the original election of Ostrander in April, 1867, was a continuing one, or for a time other than until the next annual meeting of the trustees. His first election certainly terminated when his term under the second election commenced. It is manifest from the record that the election in April was to fill the vacancy caused by the resignation of the former treasurer, and was to continue only until the regular annual meeting in July. He was then elected treasurer for the ensuing year and the bond in suit was given.

In *Ulster County Savings Institution* v. *Young* (161.N. Y. 23) the action was upon the bond of the assistant treasurer. But that bond was essentially different from the one under consideration in this case. It contained this additional provision: " It being understood that this bond is to be binding for all the time the said Matthew T. Trumpbour shall hold said office of assistant treasurer, even though he hold under successive appointments." There we held that when the whole instrument was read together and its purpose and the circumstances under which it was given were considered, it was plain that the bond was intended as a continuing security during all the time the assistant treasurer should hold office, even if held under successive appointments, and, consequently, that the sureties upon it were liable for defalcations which occurred after the expiration of his first appointment. But the bond in suit contains no such provision. Nor does it contain any provision showing that the parties intended it to be a continuing security, unless that conclusion is to be drawn alone from the words " during his continuance in office." We do not think those words justify us in holding that it was the intention of the parties that the bond should be a continuing security during all the time the treasurer should occupy that position, but that their intent was that the bond should be a security to the plaintiff only during his continuance in office under the appointment which was made when the bond was given.

In the *Young* case the same contention was made as to the

meaning of the words " during his continuance in office," and it was then argued by the appellant that the words " as aforesaid " which preceded the words " during his continuance in office " referred to the period of service, rather than to the office. But we held that the words " as aforesaid " referred to the office and did not relate to the period of service. We are still of that opinion. The opinion in that case renders it obvious that the decision was not based upon the words " during his continuance in office," but upon the provision that followed, which, in effect, declared that the understanding of the parties was that the bond was to be binding for all the time the assistant treasurer should hold office, even though under successive appointments. Thus it will be observed that in that case the parties by the last provision expressly declared the particular meaning and intended effect of the bond without leaving the matter of the continuing liability of the sureties in doubt. It is certain that the writer of the opinion in that case did not intend to convey the idea that the decision therein could be sustained upon the words " during his continuance in office " alone. It may be he was unfortunate in his selection of language to express the views of the court, and that it is possible to place a different construction upon the language employed. But the intended decision of the court is manifest when the entire opinion is considered. The decision there was placed upon the whole instrument when all its provisions were read together. In that case great stress was laid upon the provision declaring the understanding of the parties, which plainly disclosed that when the bond was executed it was intended as a continuing security during all the time the assistant treasurer should hold office, independently of the period of his first appointment. Nothing of the kind is found in the bond in this case. While we find no actual conflict between the decision in the *Young* case and our conclusion in the case at bar, it may perhaps be well to add that if any language was employed in the *Young* case which conveys the idea that the decision rested upon the words " during his continuance in office," unexplained by the

clause following, it does not fairly express the opinion of the court in that case, and cannot be regarded as authority in a case like this.

As most, if not all, of the questions which are argued in this case were involved in the *Young* case, we deem it unnecessary to discuss any other than the one already considered. The chief purpose of this discussion is to remove any seeming conflict between the decision in the *Young* case and the decision in the case at bar, and to distinctly limit the language employed in the former to the facts of that case.

We think that the decision of the Appellate Division in this case is correct, and that the judgment should be affirmed, with costs.

BARTLETT, J. (dissenting). I am of opinion that the case of *Ulster County Savings Institution* v. *Young* (161 N. Y. 23) calls for the reversal of this judgment.

I did not vote with the court in that case, as the bond contained words of limitation and restriction which I thought should protect the surety.

Here we have no such restriction, but the bond reads " during his continuance in office," as it did in the *Young* case.

These words are mere surplusage so far as the appointment for one year is concerned, and can be given no force or effect unless they charge the surety according to their obvious meaning. These words were necessarily so construed in the *Young* case.

GRAY, VANN, CULLEN and WERNER, JJ., concur with MARTIN, J., for affirmance ; PARKER, Ch. J., not sitting.

Judgment affirmed.