FIRST NATIONAL BANK, APPELLANT, V. F. W. SAMUELSON
ET AL., APPELLEES.*

FILED OCTOBER 22, 1908. No. 15,290.

Principal and Surety: DURATION OF LIABILITY. A bond given to a
national bank by its president to insure the faithful performance
of his duties as such officer, which purports to continue "during
his appointment," must be read in connection with the term of
that appointment, and, if it is for a definite period, the sureties
will not be liable for their principal's misconduct subsequent to
the expiration of the time for which he was appointed.

APPEAL from the district court for Richardson county:
WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*John M. Stewart,* for appellant.

*C. Gillespie, contra.*

ROOT, C.

Plaintiff is a corporation organized under the national
banking laws of the United States. In January, 1897, one
Samuelson was elected or appointed by the directors of
said bank as its president. Shortly thereafter the bond in
suit was executed. Said instrument recites: "The condi-
tion of this obligation is such that, whereas the said F. W.
Samuelson has been elected president of the First Na-
tional Bank of Humboldt, Nebraska, now, if the said F.
W. Samuelson shall well and truly perform all the duties
required of him as such president, and shall well and
truly account to the directors of the said First National
Bank of Humboldt, or their successors in office for all
moneys, securities, rights and property that may come into
his possession or under his control during his appoint-
ment from time to time as such president as aforesaid,
and shall well and truly render a true account of all
transactions pertaining to his said office at the termina-

---

* Rehearing denied. See opinion, p. 535, *post.*

tion thereof, to the said directors, or their successors in office, or to such persons as they shall designate, then this obligation to be void, otherwise to be in full force and effect." A copy of the by-laws of the bank, and of the proceedings at the annual stockholders' and directors' meetings thereof in the years 1897 to 1903, both inclusive, was attached as an exhibit to the petition. The by-laws provide that the president shall hold his office "for the current year for which the board, of which he shall be a member, was elected, unless he shall resign, become disqualified, or be removed," and that the president shall execute a bond to the bank. In 1898, and thereafter for five years, Samuelson was reelected as a director and the president of the bank. During all that time no other bond was exacted by said corporation or given to it by Samuelson. In 1899, at a special meeting of the board of directors, a resolution was passed to the effect that the instrument in suit was a good and sufficient bond, but it is not claimed that the sureties were present at said meeting, or authorized, or thereafter ratified, that action of the board, nor is there any allegation to explain whether the sufficiency of the bond referred to the past, present or future. In 1903, and while president of said bank, Samuelson, it is alleged, created a liability on said bond. To a petition reciting the facts a general demurrer was filed by the defendant sureties, which was sustained by the court. Plaintiff appeals.

A consideration of the record satisfies us that defendants' liability in this action will be measured by the proper construction to be given the words "during his appointment," as recited in the undertaking. Was that appointment for an indefinite term, or but for one year? Plaintiff argues that the president of a national bank has an indefinite tenure of office, to be terminated only by his removal by the directors, or his resignation from, or disability to fill, the office. *Ida County Savings Bank v. Seidensticker*, 92 N. W. (Ia.) 862, and *Westervelt v. Mohrenstecher*, 76 Fed. 118, 22 C. C. A. 93, are cited as

sustaining this proposition. In the Iowa case a rehearing was granted (128 Ia. 54) and the final decision of that court is against plaintiff. The opinion of Mr. Justice Sanborn in the court of appeals is based upon a cashier's bond conditioned *"for and during all the time he shall hold the said office of cashier of the said bank."* The cashier had been appointed generally, so that neither the bond nor the record of the officer's' appointment contained any limitation as to the sureties' liability other than that it should continue so long as Mohrenstecher was cashier of the bank. Unless the office of president of a national bank is a continuing one, then the court, having reference to the by-laws and the records of the directors' annual meetings, will easily understand the interpretation to be given the words "during his appointment." The appointment was "for the ensuing year." Section 5136 of the Revised Statutes of the United States empowers the board of directors of a national bank "to appoint a president, vice-president, cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places." Said act (sec. 5150) also provides that a director must be a stockholder of the bank and own at least ten shares of its capital stock. Said directors are to be elected annually, and "one of the directors, to be chosen by the board, shall be president of the board." The president of the bank and president of the board are identical. *Movius v. Lee,* 30 Fed. 298. Considering the law regulating national banks, one will ascertain that the cashier need not own any stock in the bank or be a director thereof, and his tenure of office is plainly at the pleasure of the board. Now, while the president also holds office at the pleasure of the directors, yet, unless he is reelected at the end of the year, first by the stockholders as a director, and then by the directors as president, his office terminates with the year for which he is appointed, so that it may be fairly said that his appointment is for one year, unless

annulled by death, resignation, disqualification or dismissal at the hands of the board of directors. With that construction of the law, the undertaking of the sureties is plain and unambiguous. It was for a year, and no more. *Treasurer v. Mann,* 34 Vt. 371, 80 Am. Dec. 688; *First Nat. Bank v. Briggs' Assignees,* 69 Vt. 12, 60 Am. St. Rep. 922; *Ida County Savings Bank v. Seidensticker,* 128 Ia. 54, 111 Am. St. Rep. 189; *Kaw Life Ass'n v. Lemke,* 40 Kan. 661; *Ulster County Savings Institution v. Ostrander,* 163 N. Y. 430; *Blades v. Dewey,* 136 N. Car. 176, 103 Am. St. Rep. 924.

In coming to this conclusion we construe the undertaking in the light of the surrounding facts as evidenced by the record, and, so far as we can, have tried to sit in the seat occupied by the parties to this undertaking when it was signed, and we do not believe that the defendants at that time thought, nor that plaintiff through its board of directors believed, or had any right to believe, or that the wording of the bond justified the belief, that the sureties were binding themselves and their estates, through the expectancy of Samuelson's life, to the plaintiff in this case.

We do not find any error in the record, and recommend that the judgment of the district court be affirmed.

CALKINS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on motion for rehearing was filed January 9, 1909. *Rehearing denied:*

CALKINS, C.

No new question is raised by the motion for rehearing, and the brief in support thereof is a reargument of the questions discussed in the opinion. The sole contention

of the plaintiff is that a right interpretation of the express terms of the bond shows an intent to create an obligation continuing over the term of specific appointments.

Conceding that the strict rule of grammatical construction is that relative words refer to the nearest antecedents, we still think that the use of the words "from time to time" after the word "appointment" is insufficient to show that the obligors intended, or the obligees understood, that the bond was being given for all future terms for which the defendant Samuelson might be appointed. Considering the situation of the parties, and the fact that it was an annual office, and the absence of any circumstance tending to show that any one anticipated the reelection of Samuelson from year to year, we think the language, in order to embrace a future term, would need to be specific and certain.

Another reason which influences the mind of the writer is that the words "from time to time" are commonly used in drafting bonds securing payment and accounting by fiduciary officers for moneys received by them; the words "from time to time" uniformly qualifying the words "money received."

We think the question is fully and clearly disposed of in the opinion, and we therefore recommend that the motion for rehearing be overruled.

ROOT, C., concurs.

By the Court: For the reasons given in the foregoing opinion, the motion for rehearing is

OVERRULED.