## JOHNSON v. SHELLEY.

No. 3278.   Decided April 7, 1919.   (180 Pac. 430.)

1. LANDLORD AND TENANT—COMMENCEMENT OF TERM—SUBSEQUENT EXECUTION OF LEASE. Where the terms of a lease were agreed upon, the lease written, and the tenant went into possession, but the signing of the lease was delayed until· the landlord could acquire title to property included therein, the liabilities of the tenant dated from the agreement, not from the execution of the lease. (Page 307.)

2. APPEAL AND ERROR—HARMLESS ERROR—EXCLUSION OF EVIDENCE—ASSUMPTION. Error in excluding evidence of defendant's breach of the terms of a lease prior to a certain date is prejudicial, though evidence as to breaches subsequent to that date did not show actual damage. (Page 308.)

3. APPEAL AND ERROR—ASSIGNMENT OF ERROR—ABANDONMENT. An assignment of error not discussed in the brief nor in the oral argument is deemed abandoned.[1]   (Page 308.)

Appeal from the District Court of Utah County, Fourth District; *Hon. A. B. Morgan,* Judge.

Action by A. A. Johnson against Ernest W. Shelley.

Judgment for defendant. Plaintiff appeals.

REVERSED with directions to grant a new trial.

*H. V. Van Pelt* and *R. Gilray,* both of Salt Lake City, for appellant.

[1] *Vance* v. *Heath,* 42 Utah, 148, 129 Pac. 365.

*H. S. Tanner* of Salt Lake City, for respondent.

GIDEON, J.

Plaintiff, in this proceeding, prays for a cancellation of a written lease made between him and defendant; for damages claimed to have been sustained by reason of the failure of defendant to keep th terms of such written agreement. Defendant denied liability, and, by way of counterclaim, asked judgment as damages against the plaintiff for failure on his part to keep certain covenants of the lease and judgment for certain moneys alleged to have been received by the plaintiff for the sale of produce taken from the leased premises. In reply plaintiff denied the allegations of the counterclaim.

Trial was had before the court and a jury. At the close of plaintiff's case, the court, on defendant's motion, granted a nonsuit against plaintiff. At the termination of the case the court instructed the jury to return a verdict against plaintiff for one-half, less certain credits owing by defendant, of the amount received by the plaintiff for the produce sold from the premises. From that judgment plaintiff appeals.

The exclusion of certain testimony offered by plaintiff, granting the nonsuit and directing a verdict for the defendant upon the counterclaim, is assigned as error.

By the terms of the written lease plaintiff, as party of the first part (designated as such in the lease), let to the defendant, as party of the second part, for a term beginning March 1, 1917, and ending March 1, 1922, certain farming land located in Utah county. The contract, among other things, provides that the first party shall construct all necessary buildings on the premises, "also to furnish all implements necessary to run said farm or farms, and to stock said farm with cattle, hogs and chickens as fast as said second party can provide feed and be able to care for same, provided that said stock, etc., be fed out of undivided crops raised on said farm." The second party undertook to give to the plaintiff one-half of all proceeds from the farm in grain, hay, cattle, hogs, etc. It was further provided that the second party is to feed the ani-

mals used for work on the farm with his own feed and at his own expense, to keep the buildings, fences, and farm implements in repair, and to turn the same over to the first party at the termination of the lease, the first party to furnish all seeds for planting, and pay all taxes on the farm or farms. It is further stipulated in the lease that ''said second party (is) to do all work in a workmanlike manner and use diligence in getting plowing done in the proper season and to allow no unnecessary waste on said premises.'' It is alleged in the complaint that defendant had neglected to properly care for the stock; had failed to do plowing at the right season; that he had neglected to care for the farming implements; had neglected to feed and care for the cattle upon the premises; and had also failed to farm the premises in a workmanlike manner. Definite and specific amounts are alleged to have been sustained as damages by reason of such failure on the part of the defendant.

At the trial, upon objection of the defendant, the court refused to permit plaintiff to testify to any failure on the part of the defendant to keep the terms of the lease prior to July 8, 1917, the court being of the opinion that as the contract was executed on that date the defendant was not and could not be liable for any breach of its provisions prior to that time. The proof shows (and there is no dispute as to that) that prior to and about March 1, 1917, plaintiff and defendant had agreed upon the terms of the lease, and that the lease was actually written on or about that date; that the only reason it was not completed and executed at that time was the fact that plaintiff did not have title to, or at least, did not have the right of possession of, certain irrigated land which it was mutually desirous should be included in the lease. Later, it seems, plaintiff obtained the land, and the description was thereupon inserted in the lease, and the same was signed by the parties on July 8, 1917. Defendant, by reason of and pursuant to the agreement between the parties, went into possession of the premises during the month of March of that year. It seems to us quite evident that there was but one agreement between the parties, and that was the

agreement under and by which defendant took possession of the premises. The agreement by its terms fixes definitely the date when the relationship of landlord and tenant between the parties began. The first paragraph provides:

"This agreement, made and entered into this 1st day of March, A. D. 1917, by and between A. A. Johnson of Pleasant Grove, Utah County, Utah, as party of the first part, and Ernest Shelley of American Fork, Utah, as party of the second part."

We conclude that the relationship of landlord and tenant existed from the actual date of the agreement between the parties, which, as stated by themselves in the written lease, was March 1st; that in view that the lease as written on March 1st was subsequently adopted, therefore from that time on both parties were bound by the terms of the lease establishing such relationship, and either party would be liable to the other for failure to keep the covenants as therein stated. It was therefore error on the part of the court to refuse to hear the testimony offered by the plaintiff, if otherwise competent, to establish a breach on the part of the defendant during that time. If such proof tended to show damages, the question should have been submitted to the jury.

True it is that the proof admitted on the part of the plaintiff failed to show any definite or actual damages in dollars and cents sustained by the plaintiff by reason of any act of the defendant, but this court would not be authorized or justified in concluding that the testimony erroneously excluded would not have established damages, or that the ruling of the court was not prejudicial. "Upon the breach of a covenant in a lease by a lessee, a cause of action at once accrues to the lessor for the recovery of all damages sustained by reason of such breach." 24 Cyc. 922.

In the assignment of errors complaint is made that the court failed to make findings upon the issue of plaintiff's right to have the lease terminated and canceled. That assignment, however, is not discussed in appellant's brief, nor in the oral argument, and is therefore deemed abandoned. *Vance v. Heath*, 42 Utah, 148, 129 Pac. 365.

It follows that the judgment of the district court must be reversed. Such is the order. The cause is therefore remanded

to the district court of Utah county, with directions to grant a new trial. Appellant will recover costs on appeal.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.