KELLY, County Treasurer of Grand County, v. MOAB STA'TE BANK et al.

No. 4073. Decided November 7, 1924. (230 Pac. 566.)

1. APPEAL AND ERROR—ASSIGNMENT NOT DISCUSSED IN BRIEF NOR ;REFERRED TO IN. ORAL ARGUMENT DEEMED ABANDONED. Assignment of error not discussed in appellant's brief nor referred to in oral argument is deemed abandoned.[1]

2. DEPOSITARIES—FINDING THAT NO MUTUAL AGREEMENT EXISTED BETWEEN PLAINTIFF AND SURETIES TO CANCEL DEPOSIT BOND SUSTAINED. In action by .county treasurer to recover county's deposit in insolvent bank and against sureties on depositary bond, evidence held to sustain court's finding that no mutual agreement existed between ,county treasurer and sureties to cancel such bond after ·its proper execution.

3. ' APPEAL AND ERROR—COURT'S FINDING SUPPORTED BY COMPETENT EVIDENCE CONCLUSIVE ON APPEAL IN LAW ACTION. Where there is substantial competent evidence in record in support of court's finding, same is conclusive on appeal in a law action.[2]

4. DEPOSITARIES—FINDING THAT PARTIES ENTERED INTO BOND IN CONTEMPLATION THAT IT WOULD EXPIRE WITH PLAINTIFF'S TERM OF OFFICE NOT SUSTAINED. In action by county treasurer to recover county's funds in insolvent bank and against sureties on depositary bond given pursuant to Comp. Laws 1917, § 4500, evidence held not to sustain finding that parties entered into bond in contemplation of statutes which limited treasurer's term of office to two years, and that it was their intention that such bond should expire with his term of office.[3]

Appeal from District Court, Seventh District, Grand County; Dilworth Woolley, Judge.

Action by Charles Kelley, as County Treasurer of Grand County, against the Moab State Bank and others. From an adverse judgment, plaintiff appeals.

---

[1] Johnson v. Shelley, 54 Utah, 305, 180 P. 430.

[2] Hanson v. Greenleaf, 62 Utah, 168, 218 P. 969 (971); Whittaker v. Ferguson, 16 Utah, 240; 51 P. 980.

[3] Salt Lake County v. American Surety Co. of New York, 63 Utah 98, 222 P. 600.

See 18 C. J. p. 592.

Appeal from Seventh District

AFFIRMED IN PART, and REVERSED and remanded with directions.

C. A. *Robertson*, of Moab, and *Cheney, Jensen, Holman, & Stephens*, of Salt Lake City, for appellant.

*Knox Patterson*, of Price, for respondents.

'GEO. S. BARKER, District Judge.

Plaintiff, Charles Kelley, as county treasurer of Grand county, state of Utah (appellant), sued the defendant the Moab State Bank, a corporation, and the defendants W. D. Hammond, as administrator of the estate of F. B. Hammond, deceased, and W. E. Gordon, R. Lee Kirk, Andrew Somerville, J. P. Miller, and D. F. Densel (respondents), as sureties, on a depository bond, to recover judgment for the sum of $22,445, public funds of Grand county, deposited by plaintiff with defendant bank subsequent to the giving by said bank of said bond. The bond is set out in the complaint, and is as follows:

"Depositary Bond Covering Deposits,
"State of Utah.

"Know all men by these presents, that we, the Moab State Bank, principal, and F. B. Hammond, R. Lee Kirk, J. P. Miller, W. E. Gordon and Andrew Somerville, D. F. Densel, as sureties, are held and firmly bound unto Charles Kelley, treasurer of Grand county, Utah, and his successor in office, in the sum of twenty-five thousand dollars, for the payment of which well and truly to be made, the said principal hereby binds itself, its successors and assigns, and the said sureties bind themselves, their heirs, executors, administrators and assigns, jointly and severally, firmly by these presents.

"The conditions of this obligation are such that:

"Whereas the said principal, Moab State Bank, has applied for the funds in the hands of the treasurer of Grand county, Utah, to be deposited in said bank, the amount whereof shall be subject to withdrawal or diminution by the said treasurer as the requirements of Grand county shall demand, and the amount may be increased or decreased as the said treasurer may determine. Now, therefore, if the said Moab State Bank, shall at the beginning of each and every month, render to the said treasurer, a statement, in duplicate, showing the daily balance of the county's moneys,

held by,it during the month preceding, and how the same has been credited, and shall well and truly keep all said sums of money so deposited, or to be deposited, as aforesaid, subject at all times to the check and order of said treasurer, as aforesaid, and shall pay over the same and any part thereof, upon the check or written order of the said treasurer, and to his successor in office as shall be by him demanded, and shall in all respects, save and keep Grand county, Utah, and the said Charles Kelley, or his successor in office, harmless and indemnified for and by reason of making said deposit, or deposits, then this obligation shall be void and of no effect, otherwise to be and remain in full force and virtue:

"Provided, that if the said sureties shall so elect, this bond may be canceled at any time by giving sixty days' notice in writing to the said treasurer and to the person authorized by law to approve such bond, such notice to be accómpanied by a sworn statement of all facts and setting forth the reason in connection with such request for cancellation, and this bond shall be deemed canceled at the end of said sixty days, the said sureties remaining liable for all or any acts covered by this bond which may have been committed by the said Moab State Bank up to and including the date of expiration of said sixty days' notice." '

The complaint alleges in substance that during all of the times therein mentioned the plaintiff was and now is the duly elected, qualified, and acting county treasurer of Grand county, state of Utah, and that during all of said time the defendant the Moab State Bank was and now is a corporation, organized and existing under the banking laws of the state of Utah, and engaged in business at Moab, Grand county, in this state. It is then alleged that for the purpose of procuring public funds then and thereafter to be in the custody of the plaintiff, to be deposited with said the Moab State Bank, and to secure the repayment thereof to the plaintiff, the said bank, as principal, and the said other defendants, as sureties, made, executed, and delivered to plaintiff their depository bond in writing; same being the bond hereinbefore set out.

It is further alleged in the complaint that the plaintiff accepted and approved said bond, and thereafter at divers dates upon the faith and credit thereof did deposit with said bank the public funds of Grand county, in his custody, in various sums, upon the terms that said bank would pay to the plaintiff on all funds so deposited at the rate of 2 per

cent. per annum; that on the 8th day of January, 1921, there had been deposited with said bank by the plaintiff public funds of said county, and there was due and owing the said plaintiff on account thereof, by said bank, the sum of $22,445, no part of which had been withdrawn by the plaintiff, and no part of which had been paid out by said bank upon the order of or for the use and benefit of plaintiff or said Grand county; that at various times on and between the 8th day of January, 1921, and the 9th day of June, 1921, the plaintiff has made demand of said bank for the payment to plaintiff of the sum so deposited, and that the plaintiff has drawn in due form of law his orders, warrants, and checks upon said bank for said moneys so deposited, but that the said bank has neglected and refused to pay the same or any part thereof, and that there remains due, payable, and unpaid to plaintiff, on account of said deposits, with said bank, the sum of $22,445, together with legal interest thereon from the 8th day of January, 1921, all of which said bank has failed, neglected, and refused to pay and still refuses.

It is then alleged in the complaint that the said F. B. Hammond died intestate at Salt Lake City, Salt Lake county, Utah, on the 3d day of May, being at the time of his death a resident of Grand county, Utah; that on the 3d day of September, 1919, after due proceedings had therein, letters of administration upon the estate of said F. B. Hammond, deceased, were issued by the district court of Grand county, Utah, to the defendant W. D. Hammond, who thereupon qualified as such and entered upon the discharge of his duties; and that said letters of administration have not been revoked.

The defendant W. D. Hammond, as administrator of the estate of F. B. Hammond, deceased, demurred to the complaint, both generally and specially, alleging as special grounds that it cannot be ascertained from the complaint whether or not the plaintiff has ever presented his claim to the administrator of the estate of F. B. Hammond, deceased, for allowance, and whether or not the same was allowed or rejected; nor can it be ascertained therefrom just

how much the plaintiff claims this defendant owes him. The demurrer was sustained by the trial court, and the complaint was not thereafter amended.

It appears from the record that the defendant D. F. Densel was duly and regularly served with summons, but that the said defendant Densel failed to answer or otherwise plead to the plaintiff's complaint.

The defendant the Moab State Bank filed its separate answer to the plaintiff's complaint.

The defendants Gordon, Kirk, Somerville, and Miller likewise filed their separate answer to the complaint. So far as is deemed material to a determination of this appeal, among other things these defendants alleged as a further defense to plaintiff's complaint:

"That by mutual agreement between these defendants and said plaintiff and said plaintiff and said Moab State Bank, and by operation of law, the said bond so executed on the 1st day of February, 1917, for the then term of said plaintiff as said county treasurer of Grand county, expired with the termination of the said term, of office of said plaintiff, to wit, on the first Monday in January, 1919; that the said depository bond then and there became null and void 'for all purposes, except for a reasonable time to allow for the election and qualification of a successor in office to the said plaintiff; that, as aforesaid, the plaintiff was thereafter twice elected to succeed himself as treasurer of Grand county, state of Utah, and in view of the aforementioned premises, such reasonable time for the election and qualification of such successor 'in office expired long prior to the filing and commencement of this action by the said plaintiff.

"That by virtue of the termination of the term of office of the said plaintiff as said county treasurer, on the first Monday of January, 1919, and by reason of the election and qualification of the said plaintiff to succeed himself as the county treasurer of said Grand county, for the term beginning the first Monday in January, 1919, the said depository bond pleaded in paragraph 3 of said complaint was released, canceled, and became null, void, and of no further force or effect, because of the change in the obligee named in said bond by reason of the said election and qualification of said plaintiff to succeed himself as county treasurer of Grand county, as aforesaid.

"That by virtue of the premises aforesaid, the said depository bond pleaded in paragraph 3 of said complaint expired and was released and became null and void, and of no effect whatsoever upon the first Monday in January, 1919, and a reasonable time thereafter to

allow said plaintiff's successor in office to be elected and qualified; that the said depository bond sued upon in said complaint is null, void, and of no force or effect whatsoever as against these defendants, or any thereof."

The plaintiff demurred to the separate answer of these defendants and to the whole thereof, upon the ground of insufficiency, and alleged that said answer does not set forth facts sufficient to constitute a defense, and also demurred to the affirmative matter set forth in the defendants' said separate answer, upon the ground that the affirmative matter contained therein does not set forth facts sufficient to constitute a defense. The demurrer was overruled, except as to the defense set up in paragraph 8, p. 3, of the answer, which pleaded the insolvency of the defendant bank and the passing of its property, business, and affairs into the hands of the state bank commissioner; the publication of notice to creditors, and the expiration of the time fixed thereby for filing claims against said bank; that no claim had been filed against the bank or the state bank commissioner for the obligation described in the complaint, and that said claim is now barred by statute; and that by reason thereof said bank and these defendants (respondents) are released and discharged on said obligation, to which defense the demurrer was sustained.

On the issues joined, a trial was had to the court without a jury, the same having been waived, and the court, having rendered its oral decision, thereupon entered its findings of fact, conclusions of law, and judgment, and thereafter its amended findings of fact, conclusions of law, and judgment, in favor of the plaintiff and against the defendant the Moab State Bank, for the sum of $22,445, with interest thereon at the rate of 8 per cent. per annum from January 8, 1921, to December 22, 1922, date of judgment. Judgment of no cause of action was given against the plaintiff and in favor of the defendants W. D. Hammond, as administrator of the estate of F. B. Hammond, deceased, W. E. Gordon, R. Lee Kirk, Andrew Somerville, J. P. Miller, and D. F. Densel, and for their costs.

To enable the reader to better understand the circum-

stances connected with this case, it may be well to state that the record discloses, among others, substantially the following facts:

That appellant, Charles Kelley, was first elected to the office of county treasurer of Grand county at the general election held in November, 1916; that from 12 o'clock noon of the first Monday of January, 1917, continuously, to and after the 22d day of December, 1922, the date of the entry of judgment herein, he was the duly elected qualified, and acting treasurer of said county; that for such incumbency appellant was elected three successive times, to wit, at each of the general elections held in the years 1916, 1918, and 1920, respectively; that at each of said elections he was elected for a term of two years; that following each election appellant qualified for office, by subscribing to the oath of office and by filing his official bond covering his duties as county treasurer as required by law.

That during said period the defendant the Moab State Bank was a corporation, organized and existing under the banking laws of this state, and was, prior to January 8, 1921, engaged in the banking business at Moab, in Grand county; that from January 8, 1921, to the date of the entry of judgment herein, said bank was insolvent and was not engaged in the banking business.

That on the 1st day of February, 1917, for the purpose of procuring public funds then and thereafter to be in the custody of appellant, to be deposited with the defendant bank, and to secure the repayment thereof to appellant, said bank, as principal, and the other defendants (respondents), as sureties, made, executed, and delivered to plaintiff the depository bond hereinbefore set out, being the bond sued upon in this action, which bond appellant thereafter accepted and approved.

That after the expiration of appellant's first term of office and after his election and qualification for his second term, or some time early in the month of January, 1919, another depository bond was submitted to appellant by defendant bank, said bond being in all respects identical with

Appeal from Seventh District

the first bond, with the exception that the signature of one of the sureties to the first bond did not appear on the second bond so submitted; that appellant received the second bond into his possession and filed the same away in the vault. In this connection, the record shows that appellant testified with respect to this second bond that it "was not a perfect bond," and "that it was never consummated," and he testified in substance that the first bond was never surrendered by him, but had been retained by him ever since its delivery to him, and that in making deposits he had relied upon it.

That from the date and approval of the first bond until the bank discontinued business, and at different times during said period, and upon the faith and credit thereof, appellant deposited with the bank public funds of Grand county, upon the terms that the bank would pay appellant interest thereon at the rate of 2 per cent. per annum, and would pay over said funds on demand; that on the 8th day of January, 1921, there had been deposited with the bank by appellant public funds of Grand county, and there was due appellant from the bank on account of such deposits the sum of $22,445; that at various times thereafter appellant made due and legal demand upon said bank for the payment to him of said sum; and that the bank has neglected and refused to pay the same or any part thereof.

Appellant's theory of the case is that the depository bond sued upon was and is a continuing obligation; that it has at no time been canceled, terminated, or surrendered by him, nor has he accepted as a substitution therefor any other bond.

Respondents' contention is that the court, as a matter of law, might read into the contract the condition that the bond and the obligation thereof expired and terminated with appellant's first term of office, to wit, on the first Monday of January, 1919; that the parties, by mutual agreement, canceled and terminated the bond.

From the judgment against the plaintiff and in favor of the defendants (respondents), plaintiff brings this appeal, and makes ten assignments of error upon which he relies

for a reversal of the judgment entered against him and in
favor of said respondents.

Assignment of error No. 1 is that—

"The trial court erred in sustaining the demurrer of W. D.
Hammond as administrator of the estate of F. B. Hammond, de-
ceased, to plaintiff's complaint."

This assignment, however, is not discussed in appellant's
brief, nor was it referred to in the oral argument, and is
therefore, under the numerous decisions of this court, deemed
abandoned. *Johnson* v. *Shelley,* 54 Utah, 305, 180 P. 430.

For reasons which will hereinafter appear, we pass by the
consideration of appellant's assignments of error No. 2 and
No. 3, which relate to the overruling of plaintiff's demurrers
to the separate answers of the defendant bank and the sepa-
rate answers of the other defendants (respondents), and pro-
ceed to a consideration of appellant's assignments of error
No. 4 and No. 5, wherein appellant vigorously assails the
trial court's finding No. 8, and part of finding No. 11, and the
court's first conclusion of law.

Finding No. 8 is as follows:

"That as provided by the laws of the state of Utah, the term of
office for which said bond was given began upon the first Monday in
January, 1917, and ended the first Monday in January, 1919."

That part of finding No. 11 which is assailed is as fol-
lows:

"That plaintiff and defendants entered into the obligation de-
scribed in said complaint in contemplation of the statutes of the
state of Utah, which limited the plaintiff's term of office to two
years, and that it was the intention of the plaintiff and said de-
fendants that said obligation should and would expire on the first
Monday in January, 1919."

The court's conclusion of law numbered 1, which is at-
tacked, is as follows:

"That the bond sued upon in the action expired with the term
of office of said plaintiff, to wit, on the first Monday in January,
1919."

Before discussing findings No. 8 and No. 11, it would
seem proper to refer to the fact that in the first part of
finding No. 11, in addition to that herein set out, the trial
court found as follows:

"That the allegations set forth in paragraph 5 of both the separate answers herein state a conclusion of law, which paragraph is in the following language, to wit:

" 'That by mutual agreement between this defendant and said plaintiff and by operation of law, the said bond so executed on the 1st day of February, 1917, for the then term of said plaintiff as said county treasurer of Grand county, expired with the termina- tion of the said term of office of said plaintiff, to wit, on the first Monday in January, 1919; that the said depository bond then and thereby became null and void for all purposes, except for a reason- able time to allow for the election and qualification of a successor in office to the said plaintiff; that as aforesaid the plaintiff was thereafter twice elected to succeed himself as treasurer of Grand county, state of Utah, and in view of the aforementioned premises, such reasonable time for the election and qualification of such successor in office expired long prior to the filing and commence- ment of this action by the said plaintiff.'

"That said allegations are not supported by the evidence as a matter of fact so far as such allegations allege a mutual agreement to cancel said contract after its proper execution.  *  *  *"

Is this finding of the court supported by competent evi- dence? The following excerpts are taken from the record referring to this subject: Mr. Kelley testified on cross-ex- amination: "But I want it to be understood that I relied upon the bond to secure these deposits ever since the 1st of February, 1917. I claim that the bond is in full force and effect." Again, he testified, that the second bond sub- mitted to him was an imperfect bond and was not a renewal of the bond sued upon and the giving of the proposed re- newal bond "was never consummated." He also testified, "I did not testify that I took the new bond as a renewal." And, further on: "I could not accept this obligation (mean- ing the second bond) as a renewal. I merely took it and put it away without looking at it." Still further on, he tes- tified, "If it had been a perfect bond, probably I would have accepted it." On direct examination he testified: "I did not surrender the previous bond which I had. No one asked me to surrender it, and I did not surrender it because the one handed to me the second time was not a perfect bond, and the other one was, and I felt sure on the first one and I have retained it ever since." Appellant's final

testimony with respect to this matter is to the effect that he never accepted the new bond.

In the light of this testimony, and after a careful examination of the whole record, the writer is of the opinion that the court's finding "that said allegations are not supported by the evidence as a matter of fact so far as such allegations allege a mutual agreement to cancel said contract" is amply supported by competent evidence, and if this conclusion be correct, this being a law action, there being substantial competent evidence in the record in support of the court's finding, the same is conclusive on appeal. *Hanson* v. *Greenleaf*, 62 Utah, 168, 218 P. 969 (971) ; *Whittaker* v. *Ferguson*, 16 Utah, 240, 51 P. 980. For the reason that counsel for respondents has contended in his brief that this finding **2, 3** of the court amounts to nothing, we take occasion to remark that we are further of the opinion that the trial court substantially found, and it was the intention of the court so to find, and that the clear purport of the finding is, that there was no cancellation or termination of the contract sued upon, by the mutual agreement of the plaintiff and defendant at any time.

The trial court having made its finding No. 8, as hereinbefore set out, and having found, as we have just held, that there was no mutual agreement between plaintiff and defendants to cancel said bond, then proceeded to find that the obligation sued upon was entered into by the plaintiff and defendants in contemplation of the statutes of the state of Utah, which limited plaintiff's term of office, and that it was the intention of the plaintiff and said defendants that said obligation should and would expire on the first Monday in January, 1919.

Is the court's finding No. 8, and that part of No. 11 which is assigned as error, supported by the evidence? Was the trial court justified in reading into the contract the provisions of the statute which limit appellant's term of office, and in concluding, as against the provisions of the bond, that the same was entered into pursuant thereto and in contemplation thereof? Or should the question be determined

by a construction of the instrument which constitutes the contract between the parties; due regard being had to the circumstances under which the same was entered into? A determination of these matters brings us to a consideration of the contract.

The bond sued upon was given to appellant as county treasurer pursuant to section 4500 of the Compiled Laws of Utah 1917, which provides:

"Any public officer having public funds in his custody may deposit the same, or any part thereof, with any bank incorporated under the National Banking Act and doing business in this state, or with any bank or trust company incorporated under the laws of and engaged in business in this state; provided, that he requires such depository to pay interest on all funds so deposited at a rate of not less than 2 per cent. per annum, and that he take from such depository collateral security or a good and sufficient surety company or a personal bond approved by him and sufficient in amount to fully protect such funds; provided, that the cost of any official bonds required to be furnished by any public treasurer shall be paid out of funds in the respective treasuries; provided, that the interest received under the provisions of this title by the state treasurer shall be placed in the general fund.

There is no provision in the statute quoted limiting the duration of the bond.

The bond contains the following provision with respect to the obligation of the bank and the sureties, and provides that they "are held and firmly bound unto Charles Kelley, treasurer of Grand county, Utah, and his successor in office." The bond contains the further provision that the said bank "shall well and truly keep all said sums of money so deposited, or to be deposited, as aforesaid, subject at all times to the check and order of said treasurer, as aforesaid, and shall pay over the same and any part thereof, upon the check or written order of the said treasurer, and to his successor in office as shall be by him demanded, and shall in all respects save and keep Grand county, Utah, and the said Charles Kelley, or his successor in office, harmless and indemnified for and by reason of making said deposit, or deposits. * * *"

The bond then contains a clause providing a method by

which it might be terminated or canceled at the pleasure of the sureties; said clause reading as follows: "Provided, that if the said sureties shall so elect, this bond may be canceled at any time by giving sixty days notice in writing to the said treasurer and to the person authorized by law to approve such bond, such notice to be accompanied by a sworn statement of all facts and setting forth the reason in connection with such request for cancellation, and this bond shall be deemed canceled at the end of sixty days, and said sureties remaining liable for all or any acts covered by this bond which may have been committed by the said Moab State Bank up to and including the date of expiration of said sixty days notice."

It is not contended that any attempt was made to terminate the bond by giving notice as therein provided, and we find no provision in the bond itself indicating any intention on the part of the parties to limit the period of its duration.

As observed by counsel for appellant in his brief, "neither the obligation sued upon nor the statute pursuant to which it was given limited the duration of the bond."

In 18 C. J. at page 592, the rule is laid down that where there is no specific limitation with respect to the term of the bond, either by the instrument itself, or by the statute, it is a continuing obligation for no definite or fixed time:

"Where neither statute nor agreement fixes the term of the depositary, the relationship continues during the mutual will of the parties to the contract, and a designation will be presumed to continue until a change is shown. In such case, the government may terminate the relationship whenever the public safety requires it, but only by notice of the election to withdraw the deposit. The depositary may terminate the relationship only by notice of its election to that effect, and the tender of the deposit."

Let us now refer briefly to the circumstances under which this bond was executed. On the one hand, we have a public official, the treasurer of Grand county, who under the law is held to a strict accountability in the handling of public funds, authorized, but not required, by the statute, to make deposits in a depository or depositories to be selected by himself, provided that he makes such deposits on the con-

ditions prescribed by the statute. *Salt Lake County* v. *American Surety Co. of New York* (63 Utah 98), 222 Pac. 600, not yet officially reported. On the other hand, we have the defendant Moab State Bank, which had applied for the funds in the hands of the treasurer, to be deposited in said bank, and had furnished to appellant the depository bond sued upon, which had been signed by the respondents as sureties. The arrangement as disclosed by the bond was for the deposit of public funds, to be deposited with the bank "subject to withdrawal or diminution by the said treasurer as the requirements of Grand county shall demand." The amount so deposited to be subject to being "increased or decreased as the said treasurer may determine." And the fund involved consisted of public money to be collected and disbursed as the business of Grand county might require in the course of its business. Under all of the circumstances, it would seem that a continuing arrangement was desirable. The respondents were obtaining for the bank, in which they were interested, deposits at a low rate of interest. Appellant, on the other hand, was obtaining for Grand county the interest contemplated by the law of this state and security for the public funds for which he was held to strict accountability.

As has been seen, the bond ran to "Charles Kelley, treasurer of Grand county, Utah, and his successor in office." It undertook in broad and general terms to, "in all respects, save and keep Grand county, Utah, and the said Charles Kelley, or his successor in office, harmless and indemnified for and by reason of making said deposit or deposits," and provided that the money to be deposited in said bank "shall be subject to withdrawal or diminution by the said treasurer as the requirements of Grand county shall demand, and the amount may be increased or decreased as the said treasurer may determine."

The writer is of the opinion: That the bond sued upon, which constitutes the contract between appellants and respondents, was, upon its face and in contemplation of the parties, a continuing obligation, running to the appellant,

as treasurer of Grand county, and to his successor in office. That the same constitutes a continuing, outstanding obligation, not having by mutual agreement of the parties been canceled or modified in any regard, as the trial court found, and not having been canceled by notice according to its terms, nor surrendered up. That the trial court erred in concluding that the bond was entered into in contemplation of the statutes of the state of Utah, and that it was the intention of the parties that it should and would expire with the appellant's term of office. That the court's finding of fact No. 8 is not supported by the evidence,        4 wherein the court found that the depository bond pleaded in the plaintiff's complaint was made, executed, and delivered to the plaintiff as county treasurer for the then term of office of said plaintiff, for the reason that said bond, by its terms, specifically provided that the sureties were to be held and firmly bound unto Charles Kelley, treasurer of Grand county, Utah, and his successor in office, and said bond on its face and under its terms constituted a continuing obligation until the same had been canceled or terminated in accordance with its specific provisions. That said bond has not been canceled or terminated, by said provisions or otherwise. Also, that that part of the court's finding No. 11 is not supported by the evidence and is against law, wherein the court found that the plaintiff and the defendants entered into the obligation described in the complaint in contemplation of the statutes of the state of Utah which limited plaintiff's term of office to two years, and that it was the intention of the plaintiff and said defendants that said obligation should and would expire on the first Monday in January, 1919, for the reason that said bond, on its face and by its terms, discloses that it is a continuing obligation, and that it constituted the entire agreement between the parties and provided by its terms the specific method by which it could be terminated and canceled. That the trial court erred in making its first conclusion of law, wherein it concluded that the bond sued upon in the action expired with the term of office of the plaintiff, to wit, on the first

Monday in January, 1919, for the reason that the same is not supported or warranted by the evidence and that the evidence is insufficient to sustain the findings of fact upon which said conclusion of law is based, and for the reason that the same is contrary to law.

From what has been said it follows that the respondents, as sureties under the bond, are liable, and that the appellant should have judgment against them with the exception of the surety W. D. Hammond, as administrator of the estate of F. B. Hammond, deceased, as to whom the demurrer to the complaint was sustained by the trial court. This we understand to be in accordance with law, by the weight of authority, as will be found by a reference to the following cases as well as other decisions therein referred to: *Snattinger* v. *City of Topeka*, 80 Kan. 341, 102 P. 508; *Manitowoc County* v. *Truman*, 91 Wis. 1, 64 N. W. 307; *Buhrer* v. *Baldwin*, 137 Mich. 263, 100 N. W. 468; *National Surety Co.* v. *Campbell*, 108 Wash. 596, 185 P. 602; *Yeargain* v. *Board of Comm'rs*, 90 Okl. 38, 215 P. 619; *National Surety Co.* v. *Leflore County* (C. C. A.) 262 F. 325, 18 A. L. R. 269 (note 276).

Counsel for respondents cites the following authorities: *In re Commissioner of Public Accounts* v. *Greenwood*, 1 Desaus. (S. C.) 450; Bayless on Sureties and Guaranty, § 9; Brandt on Suretyship (2d Ed.) §§ 167, to 169; *People* v. *Aikenhead*, 5 Cal. 106; *Hubert* v. *Mendheim*, 64 Cal. 213, 30 P. 633; *Fresno Enterprise Co.* v. *Allen*, 67 Cal. 505, 8 P. 59; *First Nat. Bank* v. *Briggs*, 69 Vt. 12, 37 A. 231, 37 L. R. A. 845, 60 Am. St. Rep. 922; *Ida County Savings Bank* v. *Seindensticker*, 126 Iowa, 701, 102 N. W. 825; *Wapello State Savings Bank* v. *Colton*, 133 Iowa, 147, 110 N. W. 450, 11 L. R. A. (N. S.) 493; *Commonwealth* v. *Hinson*, 143 Ky. 428, 136 S. W. 912, L. R. A. 1917B, 139, Ann. Cas. 1912D, 291. An examination of the foregoing cases will disclose a discussion of officials bonds, and the same are therefore not in point. The case of *Ulster County Savings Inst.* v. *Ostrander*, 163 N. Y. 430, 57 N. E. 627, discusses a fidelity bond, and is not in point. The case of *Equitable Surety Co.*

v. *Board of Finance of Jackson Township,* 186 Ind. 650, 117
N. E. 860, is so dissimilar to the case at bar that it is not in
point. Finally, counsel for respondents cite the case of
*Bonney* v. *Robertson,* 6 Colo. App. 485, 41 P. 842, as being
a case directly in point. This seems to be an isolated case,
decided by the Colorado Court of Appeals. The doctrine
advanced does not appear to have been followed in subse-
quent decisions, and to our mind is against the weight of
authority.

Having arrived at the conclusions herein set forth, it be-
comes unnecessary to consider the other assignments of error
made by appellant.

In this case there is no issue of fact remaining to be de-
termined, the decisions of the lower court having turned on
a question of law. It therefore appears that no good purpose
would be subserved by remanding the case to the lower court
for retrial.

Therefore, that part of the judgment which comprises the
judgment appealed from, that the defendants W. D. Ham-
mond, as administrator of the estate of F. B. Hammond,
deceased, W. E. Gordon, R. Lee Kirk, Andrew Somerville,
J. P. Miller, and D. F. Densel are entitled to a judgment
against the said plaintiff of no cause of action and for their
costs, is reversed, except as to the respondent W. D. Ham-
mond, as administrator of the estate of F. B. Hammond, de-
ceased—with respect to whom tht judgment is affirmed—
and the cause is remanded to the district court, with di-
rections to make and enter findings of fact, conclusions of
law, and judgment in favor of the appellant and against
the respondents W. E. Gordon, R. Lee Kirk, Andrew Somer-
ville, J. P. Miller, and D. F. Densel, in accordance with the
views expressed in this decision. Appellant to recover costs
on appeal. Respondent W. D. Hammond, as administrator
of the estate of F. B. Hammond, deceased, to recover his
costs.

WEBER, C. J., and GIDEON, THURMAN, and FRICK,
JJ., concur.

CHERRY, J., being disqualified, did not participate herein.