THE MISSOURI PACIFIC RAILWAY COMPANY v. S. A.
MORROW.

1. PLEADING, *Liberally Construed.* A pleading first attacked after judg-
ment for the reason that it does not state facts sufficient to consti-
tute a cause of action, will be liberally construed in order to uphold
the judgment.

2. FENCE—*Allegation.* An allegation that a railroad was not securely
fenced will be held to mean that it was not inclosed with a good and
lawful fence.

3. BILL OF PARTICULARS, *How Construed.* When the bill of particulars
states that a demand was made upon the agent of a railroad com-
pany by the owner, to pay for injuries to his cow, ran into by the
locomotive and cars of said company, it will be construed to mean,
when first attacked after judgment, that such agent was one upon
whom such demand could be made under article 2, ch. 84 of the Com-
piled Laws of 1879.

*Error from Coffey District Court.*

THE opinion states the case. At the July Term, 1885,
plaintiff *Morrow* recovered judgment for $25 damages, $25
attorney's fee, and costs, against the defendant *Railway Com-
pany.* It brings this judgment here for reversal.

*David Kelso,* for plaintiff in error.

*John D. Frazier,* for defendant in error.

Opinion by HOLT, C.: Defendant in error, S. A. Morrow,
brought her action against plaintiff in error, defendant below,
claiming damages for injuries to a cow run over by the loco-
motive and cars of the defendant, and also judgment for
attorney's fees. Defendant did not appear at the trial in jus-
tice's court, but took an appeal to the district court. It made
no appearance in that court.

Defendant claims that the bill of particulars is not sufficient
in law to uphold a judgment. Plaintiff's bill of particulars
avers that her cow, without fault or negligence on her part,
strayed in and upon the track and grounds of defendant, and

that defendant, by its agents and servants, so carelessly and negligently managed its locomotive and cars, that they ran against and into said cow, thereby injuring and damaging her. This is a sufficient statement of plaintiff's cause of action, without reference to the railroad stock law of 1874.

The defendant contends that the facts set forth in plaintiff's bill of particulars are not sufficient to authorize a judgment for attorney's fees, under art. 2, ch. 84, Comp. Laws of 1879. The bill of particulars states that "at the point where said railroad might properly have been securely fenced, but where it was not so fenced, said plaintiff's cow strayed in and upon the track," etc. The statute provides that the road must be inclosed with a good and lawful fence. We believe that a good and lawful fence must be a secure fence, so far as fencing against a cow is concerned, especially when it is alleged that the cow strayed upon the track and ground of said defendant without fault on the part of plaintiff.

Plaintiff in error further complains that the bill of particulars is insufficient in this, that the notice which the statute requires to be served upon the agent of a railway company was not pleaded. The statute provides that a demand for damages may be made upon any ticket agent or station agent of such railway company. The allegations in the bill of particulars are, that such demand was made by plaintiff upon John Williams, agent of defendant, without any allegation that he was a station or ticket agent, or any general agent of the company. The question to be decided now is, whether such an allegation is sufficient, when attacked after judgment, to sustain a judgment based thereon. We think it is. The defendant was duly summoned. No motion was made to make the bill of particulars more definite and certain. The language used in the bill of particulars may mean that he was the agent of the defendant upon whom such demand should be made. Such liberality of construction ought to be allowed when objection is first made to the pleading after judgment. There could not have been a judgment for attorney's fees without proof of the fact thus implied, and as the evidence is not in

the record, it is only fair to assume that this was fully established by evidence. (*I. P. & C. Rld. Co. v. Petty*, 30 Ind. 261; *Peak v. Martin*, 17 id. 115; Bliss Code Pl., § 442.)

This action was tried both in the justice and district courts, and a judgment was rendered for $25 attorney-fees, the amount claimed by plaintiff as an attorney-fee in justice's court. Of this defendant complains. We see no error in this judgment. The sum of $25 may have been a reasonable fee for the trial in the justice's court, without regard to such services in the district court. In the absence of any evidence in the record, it will be presumed it was.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.