MOST BECKER v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

**No. 13,793.**   (78 Pac. 408.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Stock—Demand Necessary—Limitation of Action.* In an action brought in a justice's court by the owner of a mare killed on an unfenced line of railway to recover the value of the mare, and attorney's fees, under sections 5859 to 5863 (inclusive) of the General Statutes of 1901, no demand was alleged in the plaintiff's bill of particulars. After the action had been pending in different courts for more than three years from the date of the loss of the animal, the owner dis-

13—70 KAN.

missed his action without prejudice, and brought another, alleging a demand. *Held,* that the statute of limitations barred a recovery, and that the new action did not come within the saving provisions of section 4451 of the General Statutes of 1901.

2. ———— *Cases Distinguished, and Followed.* The cases of *Hall v. Hurd,* 40 Kan. 374, 19 Pac. 802, and *Seaton v. Hixon,* 35 id. 663, 12 Pac. 22, distinguished, and the cases of *Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189, and *West v. Bank,* 66 id. 524, 72 Pac. 252, 63 L. R. A. 137, 97 Am. St. Rep. 385, applied and followed.

Error from Sumner district court; JAMES LAWRENCE, judge. Opinion filed November 5, 1904. Affirmed.

*Hackney & Hackney,* for plaintiff in error.

*A. A. Hurd,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: On December 2, 1898, a mare owned by plaintiff in error was killed by one of the trains of defendant in error on a track which was not fenced. In April, 1899, Becker commenced an action against the company in a justice's court to recover the value of the animal and attorney's fees. He recovered a judgment for $200. The railway company appealed to the district court, where judgment was again rendered against it for the same amount. On proceedings in error brought by the railway company in this court, the judgment of the district court was, on January 11, 1902, reversed and a new trial ordered on the ground that there was no proof of a demand on the company for payment of the value of the animal before the action was brought. (64 Kan. 884, 62 Pac. 1129.)

On March 17, 1902, after the case had been remanded, plaintiff below dismissed his action without prejudice, and thereafter, on March 23, 1902, made a written demand on the company for the value of the

mare and attorney's fees.   Payment was refused.   On
April 30, 1902, Becker brought this action, alleging a
demand, founding his case on sections 5859 to 5863
(inclusive) of the General Statutes of 1901.   The court
below rendered a judgment in favor of the railway
company on the facts above stated.

It will be seen from the above statement that no de-
mand on the company for payment of the value of the
animal, or for attorney's fees, was made until after a
lapse of more than three years from the date when
the mare was killed.   Plaintiff below seeks to toll the
statute of limitations from the fact that an action was
brought by him to recover the value of the mare and
attorney's fees within six months from the time of his
loss ; that by a dismissal of that action in March, 1902,
without prejudice (which was a failure otherwise than
on the merits), and the bringing of a new one within
one year, after a demand had been made on the com-
pany, the limitation did not run, by virtue of section
4451 of the General Statutes of 1901.   We are of a
contrary opinion.   It has been held uniformly by this
court, under the stock-killing act of 1874 (Laws 1874,
ch. 94 ; Gen. Stat. 1901, §§ 5859–5863), that one who
seeks its benefits must bring himself squarely within
its terms.   (*K. P. Rly. Co. v. Ball*, 19 Kan. 535.)

It is necessary for a plaintiff to plead a demand.
(*Mo. Pac. Rly. Co. v. Morrow*, 36 Kan. 495, 13 Pac. 789 ;
*Mo. Pac. Rly. Co. v. Piper*, 26 id. 58.)   The owner of
stock killed under the circumstances of the present
case has no right of action against the railway com-
pany until after thirty days from the date of the de-
mand, and no cause of action without an averment of
such demand.   It is just as essential for the mainte-
nance of this statutory action that a demand be made
as that the animal be killed.

The case of *Hall v. Hurd*, 40 Kan. 374, 19 Pac. 802, relied on by counsel for plaintiff in error, is not in point. That was an action under the statute by a chattel mortgagor to recover from the mortgagee the penalty imposed for failure to satisfy a mortgage on the record after its payment. The action was first brought without a previous demand, which the court held was necessary. The case was then dismissed without prejudice and another action brought within a year from the dismissal, in which a demand was pleaded. The court held that the new action saved the rights of the plaintiff from the bar of statute of limitations. In that case the court said :

"The law made it the duty of the mortgagee to release the mortgage after payment. It was as much his duty to do so before demand as afterward. True, no penalty attached until after demand. There was a wrong on the part of the defendant, and the plaintiff had a right of action independent of the notice to compel such cancelation." (Page 375.)

Under the law on which this action is based a right to recover is given to the owner of stock killed on an unfenced railway, regardless of the negligence of the company. Independent of the statute there could be no liability in this case, for no act of negligence is charged against the railway company in the bill of particulars. In *St. L. & S. F. Ry. Co. v. Kinman*, 49 Kan. 627, 631, 31 Pac. 126, 127, commenting on the nature of an action under the railroad stock law we are now considering, the court said :

"And without proof of a proper demand upon a proper agent of the company, of course the plaintiff cannot maintain his action. Such an action could not be maintained at common law at all ; and it can be maintained under the statute only by a substantial compliance with the statute."

The case of *Seaton v. Hixon*, 35 Kan. 663, 12 Pac. 22, is also relied on by counsel for plaintiff in error in support of their contention that, the first action being prematurely brought, a dismissal of it without prejudice, and a beginning of a new suit after demand, tolled the statute. In the case mentioned Seaton brought suit to foreclose a material-man's lien. He commenced the same less than sixty days after the completion of the building in the construction of which the materials were used. The suit was brought too soon under the statute in force at that time, and Seaton failed for that reason. It was held that another suit brought within a year to foreclose the lien might be maintained. In the present case an affirmative act, a demand, was required on the part of the owner of the animal killed before a cause of action accrued to him under the statute. In the Seaton case no such preliminary requirement gave the right to sue. The law merely postponed the bringing of the suit to foreclose until sixty days after the completion of the building. The law imposed on Seaton the negative duty of remaining passive until the building had been completed sixty days before he could sue.

In the case at bar, if the owner had made seasonable demand of the railway company for pay for the animal killed, and then brought his action alleging the demand, but had not waited until the full thirty days ( the time allowed the company in which to pay) had elapsed, the action might be said to have been prematurely brought, and the case of *Seaton v. Hixon, supra*, would be an authority favorable to the right of Becker to dismiss such action without prejudice and bring another, after the expiration of thirty days from the demand, which would not be affected by the

statute of limitations.   No cause of action being stated in the original bill of particulars, the right to recover was not saved by a dismissal and the bringing of a new action after the statute of limitations had started to run.   (*Railway Co. v. Bagley*, 65 Kan. 188, 69 Pac. 189.)

For another reason the judgment of the trial court must be affirmed.   No demand was made on the railway company to pay the value of the mare until the expiration of more than three years after the animal was killed.   In *West v. Bank*, 66 Kan. 524, 527, 72 Pac. 252, 253, 63 L. R. A. 137, 97 Am. St. Rep. 385, it was said :

"It is established law in this state that when some preliminary action is an essential prerequisite to the bringing of a suit, and such action rests with the claimant, he cannot defeat the operation of the statute of limitations by long and unnecessary delay in taking the antecedent step ; and the statute will begin to run within a reasonable time after the party could, by his own act, perfect his right, which reasonable time will not, in any event, extend beyond the statutory time fixed for bringing the suit.   This doctrine has been stated and restated, illustrated and illuminated, applied and reapplied, until it has become a truism."

In *The Dist. Twp. of Spencer v. The Dist. Twp. of Riverton et al.*, 62 Iowa, 30, 17 N. W. 105, the syllabus reads :

"While the time for the commencement of an action may be extended by section 2537 of the code, in a case where a former action has failed for any cause other than negligence, that section does not extend the time for bringing into existence the conditions without which no action can be maintained.   Accordingly, where a demand was necessary, and it was not made until after the time of the statute had run

against the claim, *held* that the claim was barred, notwithstanding it might otherwise have been saved under the provisions of said section."

The judgment of the court below is affirmed.

All the Justices concurring.