## KEYS & KEYS v. WILLIAMSBURG CITY FIRE INS. CO. OF BROOKLYN, N. Y.

No. 2764. Opinion Filed May 20, 1913.

(132 Pac. 818.)

**INSURANCE—Policy—Contract Limitations—Validity.** A clause in a contract of fire insurance, executed May 25, 1908, on merchandise destroyed by fire on November 9, 1908, that, "No suit or action on this policy * * * shall be sustainable in any court of law or equity * * * unless commenced within twelve months next after the fire," was void at the date this contract was entered into, because in violation of law.

(Syllabus by Brewer, C.)

*Error from District Court, Choctaw County;*
*Jas. R. Armstrong, Judge.*

Action by Keys & Keys against the Williamsburg City Fire Insurance Company of Brooklyn, N. Y. Judgment for defendant, and plaintiffs bring error. Reversed.

*White & Du Bois, J. W. Hale,* and *Spriggs & Hardison,* for plaintiffs in error.
*Burwell, Crockett & Johnson,* for defendant in error.

Opinion by BREWER, C. This is a suit on an insurance policy for fire loss. The contract of insurance was entered into on May 25, 1908. The insured goods were destroyed by fire on the 9th day of November, 1908. Proper proofs of loss were made within the time provided in the policy. The suit was brought January 9, 1910. At a trial held later the insurance company objected to the introduction of any testimony in the case, which objection was sustained by the court, the petition being dismissed with prejudice. From this judgment the plaintiffs below bring error.

The refusal to receive evidence under the petition was upon the ground that the right to maintain the action was barred

by a certain provision of the contract of insurance, which is as follows:

"No suit or action on this policy, for the recovery of any claims, shall be sustainable in any court of law or equity until after full compliance by the insured with all of the foregoing requirements, nor unless commenced within twelve months next after the fire."

If this clause in the contract was valid when made, the plaintiffs had lost their right to maintain the action by lapse of time, because the petition was not filed until more than twelve months after the fire. The only question therefore to be determined is as to the validity of this clause of the contract.

It is contended by plaintiffs in error that this clause is invalid because in conflict with an express statute and also a constitutional provision. The statute referred to is section 1128, Comp. Laws 1909, which follows:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

The constitutional provision referred to is section 9 of article 23 of the Constitution, which follows:

"Any provision of any contract or agreement, express or implied, stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability, shall be null and void."

In *Gray v. Reliable Insurance Co.,* 26 Okla. at page 598, 110 Pac. at page 730, after quoting the above constitutional provisions, the court, through Mr. Justice Williams, say:

"The obvious intention of this provision was to prevent the abridgement of the time within which rights under the law may be enforced, and also to prevent any notice being required after a breach of a duty imposed by law as a condition precedent to maintain an action therefor."

See, also, *W. U. Telegraph Co. v. Crawford,* 29 Okla. 156, 116 Pac. 925, 35 L. R. A. (N. S.) 930, and *Brakebill v. C., R. I. & P. Ry. Co., ante,* 131 Pac. 540.

However, it appears that the provision of the contract in question is certainly in direct conflict with the section of the statute above quoted, unless that section was abrogated, or rather repealed by implication, in so far as it affects insurance contracts, by the passage of the Insurance Act which took effect March 25, 1909, and by the terms of which the standard form for insurance policies, which include the clause in question here, was made the approved statutory form of fire insurance contracts. It is contended by the insurance company that such is the case, but as we view the matter it is unnecessary to determine this question. The contract in suit and the loss of the property out of which the suit arose both antedated the passage of the Insurance Act referred to; therefore at the date of the contract and of the loss by which events the rights of the parties became fixed under the law then existing, this statute appears to have been in full force and vigor, and, if so, its express terms strike down the clause of the contract, the direct object of which is to abridge and limit the time in which the action could be commenced. *St. L. & S. F. R. Co. v. James et al.*, 36 Okla. 196, 128 Pac. 279.

By the ·Court: It is so ordered.