## KEYS & KEYS v. MECHANICS' & TRADERS' INS. CO. OF NEW ORLEANS, LA.

No. 2762. Opinion Filed May 20, 1913.

(132 Pac. 819.)

INSURANCE—Policy—Contract Limitations—Validity. A clause in a contract of fire insurance executed May 25, 1908, on merchandise destroyed by fire on November 9, 1908, that, "No suit or action on this policy * * * shall be sustainable in any court of law or equity * * * unless commenced within twelve months next after the fire," was void at the date this contract was entered into, because in violation of law.

(Syllabus by Brewer, C.) .        )

*Error from District Court, Choctaw County;*

*Jas. R. Armstrong, Judge.*

Action by Keys & Keys against the Mechanics' & Traders' Insurance Company of New Orleans, La. Judgment for defendant, and plaintiffs bring error. Reversed.

*White & Du Bois, J. W. Hale,* and *Spriggs & Hardison,* for plaintiffs in error.

*Burwell, Crockett & Johnson,* for defendant in error.

Opinion by BREWER, C. This is a suit on an insurance policy for fire loss. The contract of insurance was entered into on May 25, 1908. The insured goods were destroyed by fire on the 9th day of November, 1908. Proper proofs of loss were made within the time provided in the policy. The suit was brought January 9, 1910. At a trial held later the insurance company objected to the introduction of any testimony in the case, which objection was sustained by the court, the petition being dismissed with prejudice. From this judgment the plaintiffs below bring error.

The refusal to receive evidence under the petition was upon the ground that the right to maintain the action was barred by a certain provision of the contract of insurance.

The facts in this case are identical with those of *Keys & Keys v. Williamsburg City Fire Insurance Co., post,* 132 Pac. 818. In that case it was held that the provision in the contract of insurance that no action could be maintained "unless commenced within twelve months next after the fire" was void because in conflict with section 1128, Comp. Laws 1909. Therefore it is unnecessary to repeat here the reasoning which necessitated a reversal of that case, and which must produce the same result in this.

The cause should be reversed and remanded, with instructions to grant a new trial.

By the Court: It is so ordered.