## KEYS *et al.* v. PHOENIX INS. CO.

No. 2763.   Opinion Filed May 27, 1913.

(132 Pac. 820.)

**INSURANCE—Contract—Limitation—Validity.** A clause in a fire insurance policy issued May 25, 1908, which provides "that no action shall be sustained in any court unless begun within twelve months after the fire" is in violation of section 1128, Comp. Laws 1909, and void.

(Syllabus by Harrison, C.)

*Error from District Court, Choctaw County; James R. Armstrong, Judge.*

Action by E. N. Keys and another against the Phoenix Insurance Company. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

*White & DuBois, J. W. Hale,* and *Spriggs & Hardison,* for plaintiffs in error.
*Burwell, Crockett & Johnson,* for defendant in error.

Opinion by HARRISON, C. This action was begun by Keys & Keys in January, 1910, against the Phoenix Insurance Company on a policy for $1,500 covering a stock of merchan-

dise in the town of Hugo. At the trial of the cause, October, 1910, defendant objected to the introduction of any testimony because of a provision in the policy "that no suit should be sustained in any court unless commenced within twelve months next after the fire." More than twelve months having expired after the fire before the action was brought, the court sustained defendant's objection, and rendered judgment in its favor. From this judgment plaintiffs appeal.

This is a companion case to *Keys & Keys v. Mechanics' & Traders' Ins. Co. of New Orleans, La., ante,* 132 Pac. 819, and *Keys & Keys v. Williamsburg City Fire Ins. Co. of Brooklyn, New York, ante,* 132 Pac. 818, the decisive question involved in each case being whether the provision in the policy "that no action should be maintained unless begun within twelve months next after the fire," was against the provisions of section 1128, Comp. Laws 1909. In *Keys & Keys v. Williamsburg City Fire Ins. Co. of Brooklyn, N. Y., supra,* this court held such provisions in the policy void because in violation of said section 1128, Comp. Laws 1909. The decision was followed in *Keys & Keys v. Mechanics' & Traders' Ins. Co. of New Orleans, La., supra.* The facts and questions of law in those two cases being identical with the questions involved in the case at bar, the rule announced in *Keys & Keys v. Williamsburg City Fire Ins. Co. of Brooklyn, N. Y., supra,* will be followed here.

The judgment should, therefore, be reversed, and the cause remanded.

By the Court: It is so ordered.