## SEAY v. COMMERCIAL UNION ASSUR. CO., LIMITED, OF LONDON, ENGLAND.

### No. 3126. Opinion Filed May 12, 1914.

(140 Pac. 1164.)

1. **INSURANCE** — Limitation of Action on Policy — Validity. An action on a tornado insurance policy, executed April 10, 1907, for a term of three years, for a loss thereunder arising October, 1908, is commenced on December 12, 1910. **Held,** that such action is not barred by limitation, although the policy contained the following clause: "No suit or action for the recovery of a claim under this policy shall be sustainable in any court of law or equity until after a full compliance by the insured with all the requirements of this policy, nor if commenced after the expiration of twelve months from the date of loss"—for the reason that such clause was ineffectual and void under section 1128, Comp. Laws 1909 (Rev. Laws 1910, sec. 977).

2. **SAME—Operation of Statute.** The act of the Legislature of March 25, 1909 (Sess. Laws 1909, c. 21, art. 2), prescribing the standard form of insurance policy in which a limitation of one year after the loss is provided for bringing actions thereon, in no way affected the rights of the parties under a policy executed and a claim for a loss occurring prior to the adoption of such statute.

(Syllabus by Galbraith, C.)

*Error from District Court, Kingfisher County;*
*A. H. Huston, Judge.*

Action by A. J. Seay against the Commercial Union Assurance Company, Limited, of London, England. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Hinch & Bradley,* for plaintiff in error.

*Scothorn, Caldwell & McRill* and *Burwell, Crockett & Johnson,* for defendant in error.

Opinion by GALBRAITH, C. This was an action on a contract of insurance against loss by windstorm, cyclone, or tornado, issued April 10, 1907, for a term of three years thereafter. The loss was charged to have occurred on the 15th, 16th, and 17th of October, 1908; the action was commenced December 12, 1910. The answer was a general denial and numerous affirmative defenses not necessary to enumerate. A trial was had to the court and a jury. At the close of the evidence the court sustained the motion of the insurance company for an instructed verdict, and directed the jury to return a verdict for it on the ground that the evidence showed the action to be barred by limitations, inasmuch as suit had not been commenced within twelve months after the loss, as stipulated in the contract of insurance. To reverse the judgment rendered on such verdict, the plaintiff has appealed to this court.

The limitation fixed in the contract for the commencement of an action thereunder, and relied upon by the company to defeat the plaintiff's claim, reads as follows:

"No suit or action for the recovery of a claim under this policy shall be sustainable in any court of law or equity until after a full compliance by the insured with all the requirements of this policy; nor if commenced after the expiration of twelve months from the date of loss."

The plaintiff in error contends that this provision in the policy is void under section 1128, Comp. Laws 1909 (Rev. Laws 1910, sec. 977), which reads as follows:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunal, or which limits the time within which he may thus enforce his rights, is void."

This statute was in force and effect at the time the policy in suit was issued. That the provision of the policy above quoted and relied upon by the insurance company to defeat the action, and under which the court below directed a verdict for the insurance company, is void and of no legal force or effect has been distinctly held a number of times by this court. In the case of *Oklahoma Fire Insurance Co. v. Wagester*, 38 Okla. 291, 132

Pac. 1071, the policy sued upon was issued on the 23d day of September, 1908, and the loss occurred on the 6th day of November, 1908, and the policy contained a similar provision as to the limitation, except the time for bringing suit was limited to six months instead of one year. The company relied upon this clause to defeat the action. Chief Justice Hayes, in denying the contention of the company, said:

"There is also evidence to support a waiver of this provision; but the defense cannot be maintained for a greater reason. By section 1128, Comp. Laws 1909 (Rev. Laws 1910, sec. 977), every stipulation or condition in a contract by which a party limits the time within which he may enforce his rights by legal proceedings is made void. The above-cited statute was in force at the time of the execution of the policy  *   *   *   and therefore renders the provision of the policy now under consideration invalid."

In the case of *Keyes & Keyes v. Warrensburg City Fire Ins. Co. of Brooklyn,* 37 Okla. 482, 132 Pac. 818, the policy in suit was issued May 25, 1908, and the loss occurred November 9, 1908, and the action was not commenced until January 9, 1910, and a similar provision of the policy limiting the time for bringing the action to one year was relied upon in that case, and the insurance company defended on the same ground as in the Wagester case, and the court held the provision void, and that the action could be maintained, although commenced more than one year after the loss. See, also, *Keys & Keys v. Mechanics' Ins. Co. of La.,* 37 Okla. 480, 132 Pac. 819; *Keyes et al. v. Phoenix Ins. Co.,* 37 Okla. 514, 132 Pac. 820; *St. L. & S. F. R. Co. v. James et al.,* 36 Okla. 196, 128 Pac. 279.

It is argued on behalf of the insurance company that the enactment by the Legislature of Oklahoma of the Act of March 25, 1909 (Sess. Laws 1909, c. 21, art. 2), in which a standard form of insurance policy was prescribed, in which a limitation of one year for commencement of an action for loss under such policy was provided—that this enactment was, in effect, an adoption of a new and special statute of limitation for actions on insurance contracts, and that, since the statute of limitation in force at the time of the commencement of an action governs in such

case, the one-year limitation controls in this action, and, this time having run after the adoption of the standard form of policy, and before the commencement of this action, it is therefore barred, and this suit cannot be maintained. This argument is not sound. It is sufficient to say in answer thereto that, inasmuch as the contract involved in this suit and the loss claimed thereunder both antedate the adoption of the Act of March 25, 1909, the rights of the parties under the policy in suit were not in any way affected by said act.

Numerous other errors are assigned and argued in the briefs; but, since most of these, if not all of them, have been adjudicated in cases that have been decided since the trial of this cause in the district court, and those cases are available to counsel on a retrial of the cause, it is not considered necessary to discuss them here.

On account of the error of the court in instructing a verdict for the defendant, the judgment appealed from should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.