YEARGAIN et al. v. BOARD OF COM'RS OF DELAWARE COUNTY.

No. 10862—Opinion Filed March 27, 1923.

Rehearing Denied May 29, 1923.

(Syllabus.)

1. **Depositaries—County Funds—Validity of Bond.**

Pursuant to section 1540, Rev. Laws 1910, where the county commissioners designate a certain bank as depositary of the funds of the county, and the bank executes a bond with certain individuals as surety, and receives deposit from the county treasurer by virtue of said bond, and thereafter breaches the bond, held, that, although the bond was not a surety company bond, but was signed by individuals as sureties, and for that reason falls short of the statutory requirement, the same is valid as a common-law bond.

2. **Same—Surplusage in Bond.**

Where a depositary bond, executed pursuant to the provisions of section 1540, Rev. Laws 1910, although signed by individuals, instead of a surety company, contains the exact conditions imposed by the statute, and in addition other conditions which are not provided by the statute, tending to limit or evade liability, the bond will be upheld as to the conditions imposed by statute, and the other conditions will be treated as surplusage.

3. **Contracts—Limitations—Validity.**

Section 977, Rev. Laws 1910, provides: Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void.

4. **Depositaries — County Funds — Liability on Bond.**

A designation of a bank as a county depositary is effectual so long as the county shall continue to deposit its funds in the bank, and the bond given in pursuance of such designation is deemed to be a continuing obligation, upon which the sureties will continue to be liable for default, unless they have taken the necessary steps to terminate their liability on such bond.

Error from District Court, Delaware County; A. C. Brewster, Judge.

Action by the Board of Commissioners of Delaware County against J. D. Yeargain and others on depositary bond. Judgment for plaintiff, and defendants bring error. Affirmed.

J. G. Austin, for plaintiffs in error.

G. W. Goad, W. W. Miller, and Ad. V. Coppedge, for defendant in error.

McNEILL, J. This action was instituted in the district court of Delaware county by the board of county commissioners of said county against the plaintiffs in error to recover the sum of $5,000 on a depositary bond executed by the plaintiffs in error as sureties to protect and secure the deposits made by the county treasurer in the First State Bank of Jay, Okla. After the institution of the suit a portion of the amount lost in the bank by reason of its insolvency was recovered on another bond, and it was conceded that the plaintiffs in error were entitled to have the amount deducted from their liability; it is also conceded the amount lost by reason of the insolvency of the bank was $1,627.25. Judgment was rendered against the bondsmen for this amount. From this judgment the sureties, being plaintiffs in error, have appealed.

The bond bears date of November 29, 1913, and indorsed on the bond was "filed January 5, 1914," with a further indorsement "examined and found in proper form," signed "E. B. Hunt," whom the evidence disclosed was the county attorney, and "Clark Thompson," who at the time was county clerk. It was indorsed "approved February 3, 1914, by E. B. Wolton," who was chairman of the board of county commissioners. The bond was also indorsed "approved by W. C. Hall, county judge."

Section 1540, Rev. Laws 1910, provides that the county depositary bond shall be

executed by a surety company. This court in the case of Ewing v. Board of Commissioners of Ellis County, 53 Okla. 250, 156 Pac. 229, held, in substance: That although the bond was not a surety company bond, but where it was executed by the bank with certain individuals as sureties, and approved, and the bank received deposits of the county funds from the county treasurer, and the bond was breached, the bond signed by individuals as sureties falls short of the statutory requirement, but the same is valid as a common-law bond.

For reversal, it is contended the court erred in overruling the demurrer to the petition for the reason the bond contained certain provisions in addition to the statutory requirements, to wit: That upon default notice should be given to the sureties within 30 days after such default; and second, that no action or proceeding should be brought after the expiration of 30 days after default.

The rule is stated in 18 C. J. 586, as follows:

"Statutory provisions relating to depositaries should be read in connection with the bond, especially where there is express reference thereto. Additional conditions to those provided for by the statute which tend to limit the liability of the surety will be treated as surplusage."

This court in the case of Western Casualty & Guaranty Ins. Co. v. Board of Commissioners of Muskogee County, 60 Okla. 140, 159 Pac. 655, stated as follows:

"That where a depositary bond, executed pursuant to the provisions of said section 1540, contains the exact conditions imposed by the statute and, in addition, other conditions which are not provided by the statute, tending to limit or evade liability, the bond will be upheld as to the conditions imposed by statute, and the other provisions will be treated as surplusage."

Section 977, Rev. Laws 1910, provides, in substance, as follows:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

This court in construing section 977, Rev. Laws 1910, has held that a contract that limited the right of a party to bring suit is void. See Keys & Keys v. Mechanics' & Traders' Ins. Co. of New Orleans, La., 37 Okla. 480, 132 Pac. 819, and Keys et al. v. Phoenix Ins. Co., 37 Okla. 514, 132 Pac. 820.

It is next contended that the bond was approved in 1914, and the default did not occur until 1917, and the bond was not in force and effect, for the reason the order of the county commissioners designated the bank as depositary, designating the same as depositary for the year 1914. No case is cited supporting this contention, but the contrary rule was announced in the case of Snattinger v. City of Topeka (Kan.) 102 Pac. 508, wherein it was stated:

"A designation of a bank as a depositary is effectual so long as the city shall continue to deposit its funds in the bank, and the bond given in pursuance of such designation is deemed to be a continuing obligation, upon which the sureties will continue to be liable for defaults, unless they have taken the necessary steps to terminate their liability on such bond."

It is further contended the bond was never approved. The manner of the approval of a depositary bond and the force and effect of the same are stated in 18 C. J. 586, as follows:

"A depositary's bond is not binding until approved by the proper authority, but the approval of the majority of the officials named in the statute is sufficient where all have acted or been notified of the contemplated action."

The bond itself disclosed that it had been approved by the chairman of the board of county commissioners. We think there is no merit in this contention.

It is further contended that the bond was not in force and effect for the reason the minutes of the board of county commissioners of Delaware county on January 5, 1914, disclosed that the personal bond by the First State Bank of Jay was disapproved, and therefore the commissioners had no authority to thereafter approve the same on February 3, 1914. The bond on its face disclosed that it had been approved, and the money deposited in the bank by virtue of said bond. Plaintiffs in error cite no authorities to support the contention that the board, having refused the bond, could not thereafter approve the same, and we think this position is not tenable.

The plaintiffs in error contend that instruction No. 2 given by the court was erroneous, but what we have said regarding the matters heretofore stated will be applicable to that instruction, and under the views heretofore expressed the instruction was not erroneous.

For the reasons stated, the judgment of the court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, and COCHRAN, JJ., concur.