## NIAGARA FIRE INSURANCE CO. v. NICHOLS.

No. 12010—Opinion Filed Nov. 20, 1923.

(Syllabus.)

1. **Limitation of Actions—Second Action—Contractual Limitation.**
Section 190, Comp. Stat. 1921, providing that where an action is commenced in due time and fails otherwise than upon the merits a new action may be commenced within one year after the reversal or failure, does not apply where the limitation as to the time within which suits may be brought flows from a contract and not from the statutes.

2. **Same—Statutory Limitation in Fire Insurance Policy.**
The limitation in a standard fire insurance policy providing, "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless commenced within 12 months after the loss occurred," is not a contractual limitation within this state, as section 5070, Comp. Stat. 1921, expressly prohibits a party from contracting so as to limit the time within which he may enforce his rights and it is only by reason of the statute authorizing a standard form of policy containing this limitation that such limitation is considered valid and enforceable, hence, this limitation is statutory and not contractual.

3. **Same — Effect of Premature Action to Suspend Statute.**
Where a suit was commenced to recover on a fire insurance policy within 12 months from the date of the fire, but was prematurely brought because no proof of loss had been given, and was dismissed without prejudice, and where a second suit was filed within 12 months after the dismissal of the first suit, but more than 12 months after the fire, the pendency of the first suit did not suspend the statute of limitations nor enable the plaintiff to commence a new action within one year after the failure of the original action.

Error from District Court, Pontotoc County; J. W. Blen, Judge.

Action by I. D. Nichols against the Niagara Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded with directions.

Rittenhouse & Rittenhouse, Gordon Stater, and P. T. McVay, for plaintiff in error.

Robert Wimbish and W. C. Duncan, for defendant in error.

COCHRAN, J. This action was commenced by defendant in error against the plaintiff in error to recover on a fire insurance policy. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court. Judgment was rendered for the plaintiff, and defendant has appealed.

The property of the plaintiff was destroyed by fire on September 3, 1917. The policy contained the following provision:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, norm unless commenced within 12 months next after the fire."

This action was commenced on August 26, 1919. The plaintiff contends that the action is not barred by the statute of limitations, because a suit was filed within 12 months after the fire, which suit was dismissed by the plaintiff without prejudice in February, 1919, and this suit was commenced within one year after the first suit was dismissed. The plaintiff relies on section 4662, Rev. Laws 1910, which is as follows:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

It is the contention of the defendant that this statute of limitation has no application to the time limit in a contract in an insurance policy within which an action may be brought.

In the case of George v. Connecticut Fire Ins. Co. of Hartford, 84 Okla. 172, 200 Pac. 544, this court in the first paragraph of the syllabus stated:

"A provision in a standard insurance policy provided by the laws of this state reads as follows: 'No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless commenced within 12 months next after the loss occurred.' Held, this consti-

tutes a statutory limitation, and not a contractual limitation."

Upon rehearing, this case was rewritten and decided on a question which rendered it unnecessary to pass on the question now before us, the decision in that case appearing in 84 Okla. 472, 201 Pac. 510. In the opinion, however, the court said:

"The opinion rendered July 5, 1921, entitled George v. Connecticut Fire Ins. Co., as published in 200 Pac. 544, is adhered to, with the exception that the third paragraph of the syllabus should be withdrawn and not considered, as the facts stated in the third paragraph of the syllabus are immaterial now, in view of the conclusion we have reached that the cause of action was not prematurely brought."

It thus appears that it was the intention of the court to adhere to the law announced in the first paragraph of the syllabus of the original opinion. Since it is contended that the law announced in the first paragraph of the syllabus of the original opinion was not applicable to the case as written upon the rehearing, and should, therefore, be considered as dictum, we have reviewed carefully the various authorities on this question, and it is our opinion that the majority of the courts held that the rights of the parties where limitation as to time within which suits may be brought is fixed by contract flow from the contract and not the statutes, and such contracts are relieved from the general limitation of the statutes and its exceptions. It is not our intention to depart from the rule announced by the majority of the courts. In the instant case, the limitation cannot be considered as fixed by the contract, because section 5070, Comp. Stat. 1921, provides:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void"

—and this court has held that the provision in a fire insurance policy providing that a suit shall not be sustained unless begun within 12 months after the fire is in violation of that section of the statutes. Keys & Keys v. Williamsburg City Fire Ins. Co. of Brooklyn, N. Y., 37 Okla. 482, 132 Pac. 818; Keys v. Phoenix Ins. Co., 37 Okla. 514, 132 Pac. 820; Oklahoma Fire Ins. Co. v. Wagester, 38 Okla. 291, 132 Pac. 1071; Seay v. Commercial Union Assur. Co., Ltd, 42 Okla. 83, 140 Pac. 1164. The above decisions construed the provisions of fire insurance policies executed prior to the adoption of the standard form of fire insurance policy in this state. Since the adoption of the standard form, which contains the following provision:

"No suit or action on this policy, for the recovery of any claim. shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within 12 months next after the fire"

—this court has held that a clause in an insurance policy limiting the time within which an action might be brought in accordance with the statutory requirement is valid and enforceable. Wever v. Pioneer Fire Ins. Co., 49 Okla. 546, 155 Pac. 1146. In this case, this court said:

"The limitation in the policy for the bringing of an action was not a part of the policy by virtue of any agreement of the parties, but by command of the statute. Hamilton v. Royal Ins. Co., 156 N. Y. 327, 50 N. E. 863, 42 L. R. A. 485; Temple v, Niagara Fire Ins. Co., 109 Wis. 372. 85 N. W. 861; Tracey v. Queen City Fire Ins. Co., 132 La. 610, 61 South. 687, Ann. Cas. 1914D, 1145. The Legislature having undertaken to fix a special statute of limitations we cannot say, as a matter of law, that the time allowed is unreasonable."

Since this court has held that the parties to an insurance policy were not authorized to contract so as to limit the time within which an action could be brought, in the absence of this statutory provision which fixes the period within which the action on a policy shall be brought, and since the court has held that such provision is valid and enforceable because it is a limitation fixed by statute and not by agreement of the parties, we conclude that this limitation should be treated and considered as a statutory limitation and not a contractual limitation, and the authorities holding that the exceptions to the general limitations provided by statute have no application to limitations fixed by contract are not in point here. It is our opinion that under section 190, Comp. Stat. 1921, where an action is commenced on a fire insurance policy within 12 months from the date of the fire and is dismissed by the plaintiff without prejudice, a new action may be instituted to recover on the policy within one year after the dismissal. We are of the opinion, however, that the plaintiff cannot take advantage of section 190, Comp. Stat. 1921, because the original action to recover on the insurance policy was prematurely brought. The policy contained the following provision:

"If fire occur, the insured shall * * * within 60 days after the fire, unless such time is extended in writing by the company, * * * render a statement to this company, signed and sworn to by the assured stating the knowledge and belief of the insured as to the time and origin of the fire. *    *"

The minutes of the court showing dismissal of the original action states:

"Plaintiff asks leave to withdraw reply and admits that part of the answer wherein it is alleged that proof of loss was not furnished within 60 days and asked the court to make an order that the suit was prematurely brought and be dismissed without prejudice, and the court so ordered."

Proof of loss was not made within 12 months from the date of the fire, but was made prior to the filing of the second action. It has been held by this court that the failure to make proof of loss within the 60 days provided by the policy does not render the policy void or defeat a recovery. Dixon v. State Mutual Ins. Co., 34 Okla. 624, 126 Pac. 794; but it has also been held that the right of action on an insurance policy does not mature until the provision requiring proof of loss has been complied with. Palatine Ins. Co. v. Lynn, 42 Okla. 486, 141 Pac. 1167; Nance v. Oklahoma Fire Ins. Co., 31 Okla. 208, 120 Pac. 948; Commercial Union Assur. Co. v. Shultz, 37 Okla. 95, 130 Pac. 572.

While the failure to file the proof of loss does not render the policy void the proof must be made before the action can be maintained, and the furnishing of the proof cannot be delayed beyond the limitation of one year within which the action can be brought under the terms of the policy. Becker v. Atchison, T. & S. F. Ry. Co., 70 Kan. 193, 78 Pac. 408; West v. Bank (Kan.) 72 Pac. 252; District Township of Spencer v. District Township of Riverton (Iowa) 17 N. W. 105. Since no cause of action existed at the time the original action was filed and commenced, a pendency of that suit did not suspend the statute of limitations nor enable the plaintiff to commence a new suit within one year after the failure of the original action. Ryno v. Snider (Wash.) 109 Pac. 55.

It is our opinion that the judgment of the trial court should be reversed, and cause remanded, with directions to render judgment for the defendant, and it is so ordered.

McNEILL, V. C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.