## DICKASON-GOODMAN LUMBER CO. v. HOME INS. CO.

No. 14859—Opinion Filed May 19, 1925.

Rehearing Denied June 23, 1925. Dismissed on Stipulation July 28, 1925.

(Syllabus.)

**Insurance—Fire Insurance Policy—Actions—Invalidity of 12 Months Limitation in Mortgage Clause.**

Section 6767, C. O. S. 1921, provides a statutory form for fire insurance in Oklahoma. When executed, it is a contract. Among numerous other provisions, it incorporates a special statute of limitation, on which suit can be brought on the policy itself. Among its contractual provisions, it authorizes a mortgagee, as well as others, with the consent of the company, to acquire an interest under the policy. This is done by attaching thereto what is ordinarily referred to as the union or standard mortgage clause. This union or standard mortgage clause constitutes a separate contract from that of the policy itself. The limitation of 12 months within which the insured may maintain an action on his policy, being a special statute of limitation, cannot be extended beyond its plain terms, and there being no statute requiring a mortgagee to assert his interest by virtue of such union or standard mortgage clause within a period of 12 months, a judgment based on such holding is without the sanction of the law, and the attempt in the mortgage clause to incorporate the said statute of limitation of 12 months is in violation of section 5070, C. O. S. 1921.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by the Dickason-Goodman Lumber Company against the Home Insurance Company. Judgment for defendant, and plaintiff brings error. Reversed, with directions.

Sand, Holcombe & Lohman, for plaintiff in error.

Rittenhouse & Rittenhouse and McDonald & Spence, for defendant in error.

BRANSON, V. C. J. The Dickason-Goodman Lumber Company, as plaintiff, sued the Home Insurance Company, as defendant, in the district court of Osage county. A de-

murrer was sustained to its petition. It filed an amended petition, to which the defendant filed an answer, pleading, among other defenses, the one-year special statute of limitation. It appeared from the face of the plaintiff's amended petition that the fire which destroyed the property insured occurred in June, 1921, and that the instant suit was not brought until August, 1922. Defendant filed motion for judgment on the pleadings, which the trial court sustained, and entered judgment dismissing plaintiff's petition, to reverse which it appeals.

By reason of our conclusions thereon, we deem it unnecessary to discuss the assignments and contentions, other than the one made by the plaintiff to the effect that the judgment of the trial court is contrary to law. The defendant pleaded, among oother things:

"For further answer to the amended petition of the plaintiff, this defendant alleges that under the terms and conditions of the policy sued on herein, it is provided:

"'No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity, until after full compliance of the insured with the foregoing requirements, nor unless commenced within 12 months after the fire.' And this defendant specifically alleges that the fire referred to in plaintiff's petition occurred on the 19th day of June, 1921, and this action was not commenced until the 11th day of August 1922. * * *"

The plaintiff did not own the property destroyed by fire. The owner of the property owed the plaintiff approximately $2,500, which was secured by mortgage on said property. The owner had insured with the defendant company the building, and the policy issued was what is known as the standard form, provided for by section 6767, C. O. S. 1921. To this policy was attached what is known as the uniform or union mortgage clause (sometime referred to as the National Board Standard Mortgage Clause). This clause, among other things, provided:

"Loss if any, payable to Dickason-Goodman Lumber Co., as their interests may appear as mortgagee (or trustee) as such interests may appear * * * and shall be subject to the provisions of this policy, as to the time of appraisal and the time of payment and bringing suit."

There are various other provisions in this loss payable clause, but they play no part in a proper determination of this appeal, and are therefore not set out herein.

Neither the form of policy issued to the

insured nor the loss payable clause attached thereto is novel to this jurisdiction. In fact, an examination of the reported cases indicates that nearly all of the American states have adopted the identical forms. About the center of the policy it is provided: "If with the consent of this company, an interest under this policy shall exist in favor of a mortgagee, or of any person or corporation having an interest in the subject of insurance, other than the interest of the insured as described herein, the conditions **hereinbefore** contained shall apply in the manner expressed in such provisions, and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto."

This form of policy is susceptible of at least three distinct divisions. The provisions of the policy referred to in said quoted clause as "hereinbefore contained" might be designated properly as the conditions under which the policy is issued, or acts done or required of the insured (the owner), or contingencies of liability to any one under the policy.

The clause quoted is a contractual consent of the insurance company, fixing the conditions under which it may become liable to a mortgagee or any person having an interest in the property insured. That part of the policy subsequent to the said quoted clause imposed certain obligations upon the insured in event of fire. All of such provisions are contractual in their nature, and enforceable solely as such, although the terms, conditions, and provisions thereof are prescribed by legislative enactment. When the parties have executed the policy, their rights are governed by contract to the same extent, and no further, as if they had voluntarily adopted the terms of the policy. Niagara Fire Ins. Co. of N. Y. v. Nichols, 96 Okla. 96, 220 Pac. 920, and cases there cited.

The loss payable clause which the contract with the insured expressly provides may be executed, the policy expressly provides shall be subject to the provisions "hereinbefore contained."

The third outstanding provision of this policy is that which provides:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

The question herein is whether or not this last provision, incorporated by reference in the loss payable clause of the mortgage, is controlling. The owner of the property insured had an insurable interest therein, and bought and paid for a policy. The mortgagee had no insurable interest in said property as such, but could contract with the defendant company, with the acquiescence of the insured, that in event of loss the mortgagee should have an interest in the amount payable under the policy, as provided by such contract. The general method of doing this is by a rider attached to such policy, which is known as a loss payable clause. We think it is well settled that the insurer's contract with the insured, and the mortgagee's contract with the insurer, are entirely separate and distinct, although the terms and conditions of the mortgagee's contract may not be definite and certain without reference to the terms and provisions of the policy, Joyce, in his work on Insurance, sec. 2795, says:

"The mortgage clause making the mortgagee payee and stipulating that the insurance shall not be invalidated by the mortgagor's acts or neglect, constitutes an independent contract between said mortgagee and insurer, and in such case the subject-matter of the insurance is the mortgagee's insurable interest, and not the real estate, and the risk will not be avoided by any act of the mortgagor, whether done prior or subsequent to or at the time of the issue of the policy." Hanover Fire Ins. Co. v. Bohn (Neb.) 67 N. W. 774; Phoenix Ins. Co. v. Omaha Loan & Trust Co. (Neb.) 60 N. W. 133; People's Savings Bank v. Retail Merchants Mutual Fire Ins. Assn. (Iowa) 123 N. W. 198; Gilman v. Commonwealth Ins. Co. of N. Y. (Me.) 92 Atl. 721; Smith v. Union Ins. Co. (R. I.) 55 Atl. 715; Fireman's Ins. Co. v. Boland, 30 Ohio Cir. Rep. 811, 18 L. R. A. (N. S.) 204.

In the case of Reed v. Fireman's Insurance Co., 81 N. J. Law, 523, 35 L. R. A. (N. S.) 343, the Supreme Court of New Jersey in part said:

"The insistence of the defendant is that the mortgagee clause is not an independent contract, in the sense that none of the terms of the policy applies to the mortgagee because it would then be unenforceable, because lacking certainty and completeness, because contrary to the intent manifested by the statute providing for 'agreements or additions as may be indorsed thereon or added thereto, and form a part of such contract or policy.' * * * It must be admitted that the mortgagee clause is not an independent contract in the sense that none of the terms of the policy applies to it. It is not in itself complete, but becomes so by reading the policy in connection with it, and a reading of the two together does not clash with the notion that the mortgagee clause creates an independent contract between the company and the mortgagee. The policy furnishes the

terms of the contract between the owner and the insurer. The mortgagee clause is the contract between the insurer and the mortgagee, quite separate from the policy, yet ingrafted upon it and to be understood by reference to the policy, which renders it certain and complete."

In addition to the cases cited, this conclusion is sustained in the case of O'Neil v. Franklin Fire Ins. Co. of Phila. et al., 145 N. Y. Supp. 432, and in the case of Heilbrun v. German Alliance Ins. Co. of N. Y. 125 N. Y. Supp. 374; Seccombe v. Glen Falls Ins. Co. (Cal.) 188 Pac. 305; McDowell v. St. Paul Fire Ins. Co. (N. Y.) 101 N. E. 457.

Reaching the conclusion that the mortgagee's interest is by reason of a contract separated and distinct from that of the policy itself, the question then presents itself as to whether or not the above-quoted limitation provision within which suit could be brought on the policy is applicable to the mortgagee. It must be noted that the section provides that no suit shall be sustained until after full compliance by the **insured** with the foregoing requirements, and unless commenced within 12 months next after the fire. In other words, the action which the statute precludes from being brought after the expiration of 12 months is the suit on the policy. The mortgagee's suit is not one on the policy, though the loss payable clause may refer to certain provisions in the policy. The said clause, though inserted in the standard form of policy, among its various contractual provisions, is not effective as a contract, but only as a special statute of limitation, and as such cannot be construed beyond its express terms. There is nothing found in the statute requiring that the loss payable clause, or the so-called standard mortgagee clause or union clause, shall have incorporated in it that a suit to enforce the interest of the mortgagee, by reason of such clause, shall be brought within 12 months. To apply the said special statute of limitations to the distinct contract of the mortgagee would be in violation of section 5070, C. O. S. 1921, which provides:

"Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract, by the usual legal proceedings, in the ordinary tribunals or which limits the time within which he may thus enforce his rights, is void."

While we see no good reason why the mortgage payable, or the loss payable clause attached to the policy, which gives the mortgagee his rights, cannot be by reference incorporated in the contractual provisions of the standard policy, but that part which undertakes to incorporate therein by reference the time specified for bringing suit is without legal force or effect.

The judgment of the trial court is reversed with directions to vacate the judgment heretofore entered, and to proceed with this action in a manner not inconsistent with the views herein expressed.

MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur. HARRISON, J., absent and not participating.

Note.—See under (1) 26 C. J. p. 476: anno. 18 L. R. A. (N. S.) 204; 35 L. R. A. (N. S.) 343; 14 R. C. L. p. 1038; 3 R. C. L Supp. p. 332.