## FIDELITY & DEPOSIT CO. OF MARYLAND v. UNITED STATES FIDELITY & GUARANTY CO.

No. 24566. May 21, 1935.

Withdrawn, Corrected, Refiled, and Petition for Rehearing Denied Feb. 2, 1937.

Thurman, Bowman & Thurman, for plaintiff in error.

John F. Pendleton, for defendant in error.

RILEY, J. Frank L. Berrian was county treasurer of Nowata county from April 1, 1927, to June 30, 1929. The Fidelity & Deposit Company was surety on his official bond in the sum of $75,000. Chester A. Marsh was appointed as deputy county treasurer, and qualified by giving a bond as such to Frank L. Berrian in the sum of $5,000, running one year from April 1, 1927, with the United States Fidelity & Guaranty Company as surety; said bond was thereafter renewed and continued in force for a period of one year from April 1, 1928.

During the term of the bond of said Marsh, he, being intrusted with certain money and property belonging to said county, defaulted and embezzled money and property of the county in a sum far exceeding the amount of his bond.

Suit was brought against the county treasurer on his official bond, and judgment obtained thereon for something over $24,-000. The Fidelity & Deposit Company paid said judgment and took an assignment from the county treasurer and the county of their rights and causes of action against Marsh and his surety.

This action was commenced by plaintiff to recover from defendant upon its bond under such assignment.

The bond sued upon in part provides that Marsh and his surety bind themselves to pay F. L. Berrian, county treasurer, any pecuniary loss, etc., not exceeding $5,000, occasioned by any act or acts of fraud, dishonesty, or any criminal act of the employee during the period covered by the bond "subject to the following conditions and limitations:

"That loss be discovered during the continuance of this suretyship or within six (6) months after its termination, and notice delivered to the surety at its home office within ten (10) days after such discovery. Any claim shall be submitted in itemized form, duly sworn to, to the surety, at its home office within three (3) months after date of said notice. The employer shall produce for investigation all books or any other evidence required by the surety. The surety shall have two (2) months after claim has been presented in which to verify and pay same, during which time no legal proceedings shall be brought against the surety, nor at all after the expiration of twelve (12) months from this date. * * * If any limitation set forth in this bond is prohibited by

the statutes of the state in which this bond is issued, the said limitation shall be extended to the minimum period of limitation as prescribed by such statute."

Issues were joined on the question of whether or not the loss to the county for which judgment was obtained against the county treasurer and his surety was caused by the acts of Marsh, the deputy and principal upon the bond sued upon.

Defendant pleaded section or clause 2 of the bond above quoted and failure to comply therewith, in that the ten days' notice therein provided for was not given; that there was no sworn itemized statement submitted to the surety at its home office within three months after the date of the notice. These questions were also raised by general demurrer to the petition.

The cause was tried to a jury, and at the close of all the evidence both sides moved for an instructed verdict. The motion of defendant was denied and that of plaintiff was sustained, and a directed verdict for plaintiff in the sum of $5,000 was returned.

The record shows some 800 pages in evidence, and it may be said that the evidence shows clearly a shortage in the county treasurer's office to an amount far in excess of $5,000 chargeable to the wrongful acts of Marsh.

The record also shows that the county treasurer first learned of some acts of defalcation or embezzlement on the part of Marsh about April 10, to April 13, 1929, and that the first notice given defendant, the surety on his bond, was about February 26, 1930.

Motion for new trial was filed in due time, and upon consideration thereof the court set aside the verdict and a new trial was granted, the journal entry of the order, signed by the district judge, stating the reason for the order says:

"* * * The court having heard the arguments of counsel and being well and sufficiently advised, concludes solely because of the decision in U. S. F. & G. Co. v. Gray, 106 Okla. 222, 233 P. 731, that the court erred in holding that the provision of the bond sued on requiring notice to be given to the surety within ten days after the discovery of a loss and requiring a sworn itemized statement of claim to be given to the home office of the surety within three months thereafter, was rendered void and inoperative by section 9, of article 23, of the Constitution of the state of Oklahoma, and for that reason only defendant's motion for new trial should be granted, to which the plaintiff excepts."

From the order granting a new trial, plaintiff appeals.

The questions raised are: (1) Whether the clause in the bond requiring the obligee to deliver notice of a loss to the surety at its home office within ten days after the discovery of the loss and submit a verified itemized claim within three months thereafter prevents recovery in the absence of such notice and claim; and (2d) whether the clause allowing the surety two months after its claim is presented to verify and pay same, "during which time no legal proceedings shall be brought against the surety, nor at all after the expiration of twelve (12) months from this date," prevents recovery in this action, commenced 18 months after demand was made upon the surety.

Considering the latter question first, it is quite clear that said provision in the bond limiting the time in which an action might be commenced is void under section 9491, O. S. 1931, which provides:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void." Seay v. Commercial Union Assur. Co., 42 Okla. 83, 140 P. 1164; Okla. Fire Ins. Co. v. Wagester, 38 Okla. 291, 132 P. 1071; Keyes & Keyes v. Williamsburg, etc., Ins. Co., 37 Okla. 482, 132 P. 818.

The provision relative to notice to the surety presents a different proposition.

As pointed out by the trial court in its order sustaining the motion for new trial, in the case of U. S. F. & G. Co. et al. v. Gray, 106 Okla. 222, 233 P. 731, the condition with reference to notice in the bond there under consideration was in effect the same as the one in the bond here involved. It is that "no liability shall attach to the surety unless * * * the obligee shall promptly, and in any event not later than 30 days after knowledge of such default, deliver to the surety at its office in the city of Baltimore notice thereof, with a statement of the principal facts showing such default, and the date thereof."

The decision in that case would appear to control in the instant case.

It is contended that therein no consideration was given to the provisions of section 9, art. 23, of the Constitution, which provides:

"Any provision of any contract or agreement, express or implied, stipulating for no-

tice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability, shall be null and void."

It is urged that, inasmuch as the above provision of the Constitution was not presented nor discussed in said case, the decision in that case is not controlling here. But a clear distinction seems to be made between contracts which call for notice other than that required by law as a condition precedent to maintaining an action for a breach, and contracts which by their terms provide that no liability whatever shall attach unless the notice therein specified has been given. It is pointed out in the Gray Case, supra, that it was because the parties had contracted that no liability should attach to the surety unless the notice therein called for should be given that the contract was upheld.

In Gray v. Reliable Ins. Co., 26 Okla. 592, 110 P. 728, Mr. Justice Williams, speaking for the court, after quoting the provision of said section of the Constitution, said:

"The obvious intention of this provision was to prevent the abridging of the time within which rights under the law may be enforced, and also to prevent any notice being required after a breach of a duty imposed by law as a condition precedent to maintaining an action therefor."

And:

"These provisions relate to acts that must be performed by the parties thereto, as a part of the contract, and have no relation to the bringing of a suit, but to the ascertainment of the amount of damages or compensation agreed or undertaken to be paid. It is not averred that plaintiff had complied with the terms of said policy or had given the notice of loss in order that the loss could be adjusted and paid. This was essential."

The provision in the bond here involved as to notice is not a restriction on the right of the obligee to maintain an action to establish any claim, demand, or liability, but did constitute a condition precedent, with which the obligee was required to comply before any liability could accrue.

In M., K. & T. Ry. Co. v. Williamson, 75 Okla. 36, 180 P. 961, it is held that any provisions in a contract which attempt to abridge the time within which rights arising from the breach of the contract may be enforced and which require notice after a breach of such contract as a condition precedent to maintaining an action therefor are null and void under section 9, art. 23, of the Constitution.

The provision does not go to conditions in contracts of surety which require that notice be given before liability shall attach; that is, by their terms make liability to depend, not alone upon the wrongful act of the principal, but also upon notice thereof having been given to the surety.

This distinction having been recognized since shortly after the adoption of the Constitution, there was no error in the order sustaining the motion for new trial and the same is affirmed.

BUSBY, WELCH, PHELPS, CORN, and HURST, JJ., concur. OSBORN, C. J., and GIBSON, J., dissent. BAYLESS, V. C. J., disqualified and not participating.